## WATERS et al. v. UNITED STATES.
### No. 3540.

District Court, W. D. Michigan, S. D.
May 24, 1933.

Butterfield, Keeney & Amberg, of Grand Rapids, Mich., and Jacob S. Seidman, of New York City, for plaintiffs.

Fred C. Wetmore, U. S. Atty., of Grand Rapids, Mich.

RAYMOND, District Judge.

Plaintiffs have brought suit to recover the sum of $3,713.78 paid upon determination by the Commissioner of Internal Revenue of a deficiency in the income tax returns of deceased for the year 1919. The deficiency resulted from the finding by the commissioner that payments of $24,000 made to the taxpayer in 1919 by the Furniture Exhibition Building Company were dividends and not loans. On the date of paying the tax, namely, February 11, 1925, the taxpayer sent a letter to the collector of internal revenue at Grand Rapids, Mich., as follows:

"February 11, 1925.
"Collector of Internal Revenue,
"Grand Rapids, Michigan.
"Dear Sir:

"I received this morning two assessment notices for the years 1919 and 1921, calling for an additional assessment of $4,039.06.

"I was rather surprised at the receipt of these notices, in that it was my understanding that my case would be held up pending the decision on the cases of the Furniture Exhibition Building Company and the Klingman Sample Furniture Company, on which decision depends the question as to whether any additional taxes are due from me.

"I am informed that under the circumstances I can do nothing at the present time but pay the additional taxes as called for by your notices. I desire to advise, however, that I am paying these taxes under protest, in that it is my contention that the additional income accredited to me for tax purposes is incorrectly so treated. The details in this respect are covered by the information submitted to the Treasury Department in respect to the Furniture Exhibition Building Company and the Klingman Sample Furniture Company.

"I intend to· file claims for refund immediately for these additional taxes, and I request that a conference be granted me in Washington immediately upon the consideration of these claims, so that all the facts might be gone into.

"Very truly yours,
/s/ Dudley E. Waters.

| | |
|---|---|
| 1919 | 3,713.78 |
| 1921 | 287.86 |
| 26 mos. interest | 37.42 |
| | 4,039.06" |

On April 29, 1929, a formal claim for refund was filed.

It is plaintiffs' contention that the letter of February 11, 1925, was an informal refund claim later perfected by the filing of the formal claim of April 29, 1929; while defendant insists that the letter of February 11, 1925, was, in fact, merely a protest and not a claim for refund, and that the claim of April 29, 1929, having been filed more than four years after the alleged overpayment took place, is barred by the provisions of section 284 (b) of the Revenue Act of 1926 (26 USCA § 1065 (b).

The controlling issue is whether the letter of February 11, 1925, was an informal or defective claim that could be perfected by the formal claim of April 29, 1929, as was held in the cases of United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619, and United States v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633. In each of the cited cases, the objection was made that the earlier claims were defective for failure to state the grounds upon which the refund was demanded. It was held that general claims for refund not specifying grounds are "subject to amendment until final rejection irrespective of a limitation running in the interval." In both cases there was clearly a definite and present claim for refund.

In the opinion of the court, the alleged informal claim for refund here under consideration is no more than the statement of an intention to later file such a claim, with a request for a conference. The record is devoid of evidence that either the commissioner of internal revenue or the taxpayer acted upon it in any way or regarded it as other than a statement of intention to file a claim for refund. The statute definitely requires the presentation of a claim

within a given period. None of the cases cited by plaintiffs goes so far as to hold that the mere expression of an intention to file a claim upon which neither party acts until after the filing of a formal claim satisfies the statute. It is true that in the case of Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018, it was held that an informal letter from the taxpayer, accompanied by a waiver, was the equivalent of a notice of claim if the commissioner has so treated it. As stated, the record fails to disclose evidence that the commissioner treated the letter in the present case as a claim for refund. In not so regarding it, he was justified by the plain language of the letter and by the conduct of the taxpayer in failure to file claim for refund for over four years thereafter. By express terms of the letter, the only action contemplated or called for was by the taxpayer himself. It fails to request action or to suggest the need for action on the part of the commissioner.

While the rule has long prevailed that revenue laws are to be construed strictly in favor of the taxpayer and against the taxing power, it would be folly to hold generally that the mere expression of an intention to file a claim constitutes the *filing* of such claim. To attribute such a forced and artificial sense to the word "intend" would be to invite an avalanche of litigation based upon ill-founded and irrelevant statements gleaned from correspondence which at the time of its inception had no bearing upon the contentions later made. It is true that Congress has in rare instances broadened the connotation of the term "claim," but in those isolated cases where it may be interpreted to include "words showing an intention to claim," this exigency has been protected by enactment of a special statute. In the laws providing for the relief of veterans, we find: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or *which uses words showing an intention to claim insurance benefits.*" Section 445, title 38 USCA. (Italics inserted.) In the absence of such special provision, to say that the mere expression of intention to file a document may be construed as its filing would lead to such a maze of confusion as to be unconscionable. As well might it be said that a man's estate has been bequeathed because he has expressed an intention to execute a will, or that the running of the statute of limitations on a debt has been stayed by the expression on the part of the creditor of intention to commence suit.

Findings of fact and conclusions of law may be submitted for approval on or before June 3, 1933, upon the filing of which judgment of no cause of action will be entered.