**Ernst Henry SCHULTZ, Jr., and James Vernor Dunbar, Copartners d/b/a General Canvas Company**

v.

**The UNITED STATES.**

No. 50230.

United States Court of Claims.

July 12, 1955.

---

Robert J. Gaddy, St. Louis, Mo., for plaintiffs. James V. Dunbar, St. Louis, Mo., was on the brief.

Herman Wolkinson, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Lino A. Graglia, New York City, was on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Defendant has moved to dismiss plaintiffs' petition on the ground that it was not timely filed.

Plaintiffs on January 10, 1945, entered into a contract to manufacture certain squad tents for the Government. After partial performance the contract was terminated for the convenience of the Gov-ernment in the fall of 1945. In accordance with termination settlement procedures, plaintiffs received on April 16, 1951, certain "Findings of Fact" from the contracting agency. The issue is whether the petition was filed in this court within 90 days after receipt of the findings. The ninetieth day fell on Sunday, July 15.

Affidavits in the record establish that plaintiff Dunbar mailed an envelope containing plaintiffs' petition at or before 11 p. m., Central Daylight Time, Friday, July 13, 1951, at the Main Post Office, St. Louis, Missouri; that the envelope was addressed to the Clerk of the Court of Claims, Washington, D. C.; that it was marked "Air Mail" and "Special Delivery" and the postage fully prepaid thereon; that an envelope mailed Special Delivery, First Class, Air Mail, between 10:30 and 11 p. m., Central Daylight Time, on Friday, July 13, 1951, at the Main Post Office, St. Louis, Missouri, would in the normal and ordinary course of handling have reached Washington, D. C., about 12:30 p. m., Saturday, July 14, 1951.

The docket in the clerk's office of this court has the following entry for this case: "July 16, 1951. Petition filed (2) copies of petition and notice to defendant." This date does not necessarily indicate, however, that plaintiffs' petition arrived on that day since it was the custom of the clerk's office at that time to stamp the Monday filing date on all papers that had arrived on the previous Saturday or Sunday. Rule 71 of the Rules of the United States Court of Claims, 28 U.S.C.A., provides:

"The Court shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders."

An employee of this court was during the period in question in constant attendance at the courthouse, and was authorized to receive mail at all times. This practice, which has prevailed for many years, is still in effect.

Section 13 of the Contract Settlement Act of 1944, 58 Stat. 649, 660, 41 U.S. C.A. §§ 101, 113, provides, in part:

"Sec. 13. (a) Whenever the contracting agency responsible for settling any termination claim has not settled the claim by agreement or has so settled only a part of the claim, (1) the contracting agency at any time may determine the amount due on such claim or such unsettled part, and prepare written findings indicating the basis of the determination, and deliver a copy of such findings to the war contractor * * *.

"(b) Whenever any war contractor is aggrieved by the findings of a contracting agency on his claim or part thereof or by its failure to make such findings in accordance with subsection (a) of this section, he may, at his election—

*     *     *     *     *

"(2) bring suit against the United States for such claim or such part thereof, in the Court of Claims * * *

"(c) Any proceeding under subsection (b) of this section shall be governed by the following conditions:

*     *     *     *     *

"(2) A war contractor may initiate proceedings in accordance with subsection (b) of this section (i) within ninety days after delivery to him of the findings by the contracting agency * * *. If he does not initiate such proceedings within the time specified, he shall be precluded thereafter from initiating any proceedings in accordance with subsection (b) of this section, and the findings of the contracting agency shall be final and conclusive, or if no findings were made, he shall be deemed to have waived such termination claim."

From this quotation it clearly appears that a war contractor who desired to apply directly to the Court of Claims for a review of his settlement must have brought his suit within ninety days after delivery to him of the findings by the contracting agency. In this case the ninetieth day fell on Sunday, July 15, 1951. Our Rules provide that suit shall be commenced in this court by filing of the petition with the clerk. Rule 1, Rules of the United States Court of Claims. The issues then reduce to this: whether, as a matter of fact, the petition was filed with the clerk on or before July 15, 1951; and if not, whether a filing on Monday, July 16, 1951, that is, on the ninety-first day, was within the period contemplated by statute.

■  The authorities cited by the parties fall into two groups, each relevant principally to one or the other of the issues just formulated. On the first issue we hold that there was a filing before the expiration of the ninetieth day. We find that the Air Mail, Special Delivery letter containing the petition was delivered at the courthouse sometime before midnight, Sunday, July 15, 1951. The law recognizes a rebuttable presumption of fact to the effect that a letter properly addressed and deposited, with duly prepaid postage, arrived in the ordinary course of mails. Detroit Automotive Products Corp. v. Commissioner, 6 Cir., 203 F.2d 785; Central Paper Co. v. Commissioner, 6 Cir., 199 F.2d 902; Arkansas Motor Coaches, Ltd., Inc., v. Commissioner, 8 Cir., 198 F.2d 189; Crude Oil Corp. of America v. Commissioner, 10 Cir., 161 F.2d 809; see Kiker v. Commissioner, 4 Cir., 218 F.2d 389. This presumption was held to override an entry on the docket of the Tax Court indicating that the petition had arrived later than in the ordinary course of the mails. Central Paper Co. v. Commissioner, supra. Such a presumption was not applied, however, where the clerk positively recollected the out-of-time arrival of a notice of appeal. Director of United States Bureau of Mines v. Three Fork Coal Co., Inc., 4 Cir., 222 F.2d 425.

■■  Filing has been variously defined, but it invariably involves delivery

to and receipt by a proper official. See United States v. Lombardo, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897; Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972. However, this definition has not always been applied with literal strictness. Thus a petition to the Board of Tax Appeals was held to have been timely filed when it had been delivered to the desk of the mail room of the Board during regular business hours even though no official of the Board was then present to receive the document. Palcar Real Estate Co. v. Commissioner, 8 Cir., 131 F.2d 210. We think a similar interpretation governs in this case. We have determined as a fact that the petition arrived at the courthouse sometime before the expiration of the ninetieth day. In view of the fact that our Rule 71 provides that the court shall be deemed always open and the fact that a court employee who can receive messages is on duty at all times, we find that plaintiffs' petition was "filed" in time. Both the facts and the applicable law here are distinguishable from the case of Casalduc v. Diaz, 1 Cir., 117 F.2d 915.

Had we decided the factual issue contrariwise, our conclusion would remain the same. In that event the facts would have been that the petition was filed no later than the ninety-first day, the Monday after the Sunday which was the ninetieth day. On this phase of the case our decision in Harmon v. United States, 124 Ct.Cl. 751, is overruled.

A recent Supreme Court case appears apposite here. The Court there had occasion to pass on an act conferring appellate jurisdiction upon it. That act provided that the appeal or writ of certiorari must be taken or applied for within ninety days. The petitioner in the case had made his application on the ninety-first day which was a Monday. The Supreme Court held that the application was timely made because the ninetieth day fell on a Sunday. The Court construed its jurisdictional statute by analogy to Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., although those rules apply specifically only to proceedings in the District Courts; see 28 U.S.C. § 2072. It said in the opinion in Union National Bank of Wichita, Kansas v. Lamb, 337 U.S. 38, at pages 40 and 41, 69 S.Ct. 911, at page 912, 93 L.Ed. 1190:

"The appeal was allowed by the Missouri court on December 13, 1948. That was within three months and therefore timely prior to the revision of the Judicial Code. But 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101 (c), effective September 1, 1948, reduced that period to ninety days. The ninetieth day was December 12, 1948, which was a Sunday. There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus Street v. United States, 133 U. S. 299, 10 S.Ct. 309, 33 L.Ed. 631, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). Rule 6(a) of the Rules of Civil Procedure provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by "any applicable statute". Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6 (a) are equally applicable to 28 U.S.

C. § 2101(c), 28 U.S.C.A. § 2101 (c)."

In the instant case the applicable statute, the Contract Settlement Act of 1944, also was passed subsequent to congressional approval of the policy embodied in Rule 6(a) of the Federal Rules of Civil Procedure. Moreover, there is nothing in this statute indicating a contrary policy. Our conclusion is fortified by similar holdings in recent cases of other Federal courts. United States v. Cia Luz Stearica, 9 Cir., 181 F.2d 695; Simon v. Commissioner, 2 Cir., 176 F.2d 230.

The defendant's motion to dismiss is denied.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.