**Alan ROSS**

v.

**The UNITED STATES.**

No. 540–87C.

United States Claims Court.

March 2, 1989.

William F. Lenihan, Seattle, Wash., atty. of record, for plaintiff.

Evelyn M. Korschgen, with whom was Asst. Atty. Gen. John R. Bolton, Washington, D.C., for defendant.

## ORDER

YOCK, Judge.

This case is before the Court on defendant's motion to dismiss the complaint for lack of jurisdiction. Defendant's motion is based on the contention that the complaint was filed after the expiration of the statute of limitations. Plaintiff opposes defendant's motion to dismiss and has filed his own motion for correction of the filing date of the complaint. For the reasons set forth herein, defendant's motion is denied, and

plaintiff's motion for a corrected filing date is granted.

### Facts

On April 10, 1985, the United States Department of Agriculture (Forest Service) contracted with the plaintiff, Mr. Alan Ross, to cull and thin certain trees on various tracts of federal land located within the Tongass National Forest near Ketchikan, Alaska (Contract No. 52–0116–5–00093). The plaintiff is a logger by profession and a resident of Craig, Prince of Wales Island, Alaska. Prince of Wales Island is a part of the southeastern Alaskan Archipelago. Access to Craig is by boat or float plane only and the distance from Ketchikan is approximately 75 miles.

During the course of performance under the contract, a dispute developed between the parties having to do with the estimate on the number of trees to be thinned. Pursuant to the contract, Mr. Ross filed a claim with the contracting officer seeking an equitable adjustment for differing site conditions. The contracting officer for the Forest Service denied Mr. Ross's claim by a final decision dated August 20, 1986. Mr. Ross received the contracting officer's decision on August 26, 1986.

After discussing the decision with his attorney, Mr. Roger Carlson, of Ketchikan, Alaska, Mr. Ross decided to challenge the contracting officer's decision. He thereafter authorized Mr. Carlson to commence an action in the United States Claims Court on his behalf. Unfortunately, however, Mr. Carlson was not admitted to practice before the Claims Court, and he so informed Mr. Ross. He also informed Mr. Ross that he should seek an attorney who was admitted to practice before this Court. In any event, Mr. Carlson eventually prepared the complaint for filing with the Claims Court, signed Mr. Ross's name to the complaint and sent the complaint, together with the necessary copies and filing fee, to the Court. Mr. Carlson sent the original complaint by certified mail on August 24, 1987, using the services of the United States Postal Service. As Mr. Carlson was aware that the one-year statute of limitations under the Contract Disputes Act of 1978 would expire on August 26, 1987, he asked for and received assurances from the postal clerk that the complaint would be delivered to the Claims Court in Washington, D.C., by the August 26, 1987 date. Not totally trusting the Postal Service, however, Mr. Carlson took the extra precaution on the same date (August 24, 1987), of telecopying the original complaint to a facsimile service in Washington, D.C. He then requested that the facsimile service make the necessary seven copies and deliver the same to the United States Claims Court by depositing the package in the Court's night deposit box at the garage entrance on H Street. The facsimile complaint, along with the appropriate copies, was delivered to the clerk of this Court via the night depository on August 24, 1987. No filing fees were attached and, of course, the signature was not an original signature, since the complaint received in the night box was a facsimile of the mailed complaint still on its way to the Court in the United States mails.

The next morning (on August 25, 1987), the clerk acknowledged receipt of the facsimile complaint (with the appropriate copies) by date-stamping August 24, 1987 on the envelope in which it arrived. The clerk did not file the complaint immediately, however, since it lacked an original signature and the appropriate filing fee, and there was no indication in the complaint that there was an imminent statute of limitations problem. Moreover, the clerk suspected that since the complaint received was a facsimile, further explanation would be forthcoming. However, in an effort to immediately solve the filing discrepancies, the clerk placed a call to Mr. Carlson in Ketchikan. Unfortunately, the clerk was unable to reach Mr. Carlson between August 25 and August 28, 1987. It should be noted that Ketchikan is located four time zones away from Washington, D.C. which may have contributed to the inability of the clerk's office and Mr. Carlson's office to connect via the telephone. In any event, the mailed complaint did finally arrive at the Court on August 28, 1987. This mailed complaint contained an original signature

and the requisite filing fee, and, since the clerk remained ignorant of the statute of limitations problem, the mailed complaint was duly filed on August 28, 1987, two days after the statute of limitations had expired.

In a declaration filed by the clerk in this case, he has explained how the clerk's office normally deals with a tendered complaint that does not meet all of the requirements of the Rules of this Court. As explained by the clerk, the normal practice is to telephone the attorney and advise him of the deficiencies. If the telephone conversation indicates that the deficiencies will be cleared up in a prompt manner, the tendered complaint is immediately filed to be modified by later amendment. Certainly, if a statute of limitations problem is noted, the matter would be discussed, and again, based on verbal assurances given by the attorney that the deficiencies would be promptly remedied, the tendered complaint would be immediately filed. However, as earlier indicated, the normal process was not followed in this case because the facsimile complaint that arrived on August 24, 1987 did not indicate any type of statute of limitations problem on its face, and the clerk's office was unable to reach the plaintiff's attorney via the telephone.

Both parties now concede that the applicable statute of limitations period expired on August 26, 1987. The facts are also very clear that the facsimile complaint arrived at the Court two days prior to the expiration of the statutory period, whereas the mailed complaint arrived two days after such expiration. The issue, of course, is whether the plaintiff is precluded from presenting his claim on the merits to this Court because his complaint was filed beyond the period allowed by the statute of limitations or whether this Court should order a correction of the filing date to reflect the date when the facsimile complaint arrived at the Court.

### Discussion

■ In support of its current motion to dismiss, the defendant argues that this Court is without jurisdiction because the plaintiff did not file his complaint within the applicable statute of limitations period contained in the Contract Disputes Act of 1978 (CDA). Under this statute, any action in this Court pursuant to the CDA must "be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim." 41 U.S.C. § 609(a)(3) (1982). The defendant's position is further predicated on two specific arguments. First, the defendant contends that RUSCC 3(b)(2)(C) is unavailable to the plaintiff because the original mailed complaint was not in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail. Secondly, the defendant asserts that no other corrective order should be issued by the Court since the facsimile complaint, although received prior to the expiration date, was fatally defective. With this point, the defendant adds that the facsimile complaint did not contain an original signature as required by RUSCC 11 and was not accompanied by the appropriate filing fee as required by RUSCC 77(k).

As one might expect, the plaintiff views this matter differently. Initially he argues that RUSCC 3(b)(2)(C) allows the Court to correct or adjust the official filing date to August 24, 1987, since the complaint, in the ordinary course of mail delivery, should have arrived at the clerk's office within the statutory limitation period. However, even if Rule 3(b)(2)(C) does not apply, the plaintiff contends that the facsimile complaint should be ordered filed as of the date it was received because none of the alleged deficiencies were serious enough to preclude filing, and the normal practices of the Court allowed for such filing. For instance, had it not been for the remote location of this plaintiff's residence, and that of his attorney, the clerk would have been able to clear up the deficiencies by telephone and file the complaint prior to the expiration date. The plaintiff believes the law and the equities in this case support his position.

Thus, the questions raised by the parties' respective motions are: whether the offi-

cial filing date, as reflected by the mailed complaint, should be adjusted by the Court pursuant to RUSCC 3(b)(2)(C), or if not, whether the facsimile complaint should be ordered filed as of the date of receipt (August 24, 1987). This Court holds that the facsimile complaint should be ordered filed by the clerk with the official date of filing being corrected to August 24, 1987.

To begin with, it is clear that the mailed complaint, received by the clerk on August 28, 1987, failed to commence an action because it was received after the expiration of the statute of limitations period. The plaintiff argues that RUSCC 3(b)(2)(C) allows the Court to adjust the official filing date so as to eliminate the statute of limitations problem. Rule 3(b)(2)(C) states in pertinent part:

(C) In a situation where a complaint is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the complaint, if the complaint was received by the clerk through the mail, it may, * * * be deemed to have been filed on the last date allowed if there is a proper showing (i) that the complaint was sent by registered or certified mail, properly addressed to the clerk of the court * * * (ii) *that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail;* and (iii) that the party plaintiff as sender exercised no control over the mailing between the deposit of the complaint in the mail and its delivery.

RUSCC 3(b)(2)(C) (1985) (emphasis added). The plaintiff's argument based on Rule 3(b)(2)(C) fails due to the second requirement of that rule.

■ Application of Rule 3(b)(2)(C) is appropriate only when the plaintiff has shown that the mailed complaint, in the ordinary course of mail delivery, should have arrived at the Court within the statutory time period. *See Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 268–69, 384 F.2d 434, 449 (1967); *see also Sohm v. United States,* 3 Cl.Ct. 74, 77–78 (1983). In this connection, plaintiff submitted an affidavit attesting to his reliance on his former attorney to meet all applicable deadlines for filing a claim before this Court. Plaintiff also offered the affidavit of his former attorney (Mr. Carlson) which attests to the attorney's reliance on the assurances of a postal clerk that the complaint would be delivered in a timely manner. Attestations of verbal assurances from a postal clerk, however, are not enough to invoke Rule 3(b)(2)(C). Instead, the Court looks to evidence such as a postal official's affidavit that the complaint should have arrived earlier. *See Charlson Realty Co., supra,* 181 Ct.Cl. at 272, 279, 384 F.2d at 441, 445. Without more, plaintiff's motion to adjust the filing date pursuant to Rule 3(b)(2)(C) fails for lack of evidence.

Since Rule 3(b)(2)(C) is inapplicable here, the plaintiff's attempt to establish jurisdiction within this Court hinges upon whether the facsimile complaint received by the clerk on August 24, 1987, is considered adequate by the Court to have been filed. Although the clerk acknowledged receipt of the facsimile complaint, it was not filed immediately because of certain deficiencies. These deficiencies were: (1) failure to certify the complaint with an original signature, and (2) failure to remit the requisite filing fee. Under ordinary circumstances, when a complaint is received that has certain deficiencies, the clerk would immediately telephone the attorney (or the plaintiff if *pro se*) and advise him of the deficiencies. If the clerk was assured that the deficiencies would be promptly remedied, the clerk would then file the tendered complaint and the deficiencies would be remedied by later amendment. In addition, had the clerk been alerted to the fact that time was running short on the statute of limitations, he would have simply filed the complaint and allowed the deficiencies to be cleared up by later amendment. In this case, however, the facts are clear that the facsimile complaint did not alert the clerk to the statute of limitations problem nor was the clerk (although he tried) able to notify the plaintiff's counsel by telephone of the deficiencies. Consequently, the complaint remained unfiled until the mailed complaint arrived at the Court on April 28, 1987, two

days after the expiration date of the statute of limitations.

Obviously, the Court endorses full compliance with the Rules; however, full compliance must not contravene the interests of justice. To hold otherwise would be to elevate form over substance and deprive the plaintiff of his day in court on the merits of his claim against his sovereign. Accordingly, reasonableness must be the guide when this Court interprets its Rules. This is especially true for a court of nationwide jurisdiction such as the United States Claims Court. As a former Chief Judge of the United States Court of Claims (Marvin Jones) stated in his concurring opinion in *Charlson Realty Co., supra,* 181 Ct.Cl. at 284, 384 F.2d at 448:

> The right to a day in court is one of the most highly prized rights of any citizen of this Republic. * * *
>
> This is a broad, big country. There are people living great distances away even in continental United States. Thousands of miles farther live the citizens of Hawaii and Alaska. Must they have their rights still further lessened or their time for asserting these rights further reduced? No one would suggest that a petition must be personally "toted" from Alaska or that otherwise the citizen should take a risk or gamble with his rights.

Although Chief Judge Jones was speaking to a slightly different issue, his remarks nevertheless are germane. In this light, the Court must examine the deficiencies of the facsimile complaint to see if it should have been processed as a formal filing on its delivery date.

■ At the outset, it is important to understand the purpose of filing a complaint. The fundamental purpose of any complaint is to put the defendant on formal notice of the factual and legal issues involved in the claim so that the defendant may understand and accurately respond to the claim. *See Andujar v. Rogowski,* 113 F.R.D. 151, 154–57 (S.D.N.Y.1986). The statute of limitations promotes this purpose by ensuring that claims do not become stale before the defendant has the opportunity to effectively respond. *See United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979); *Meyer v. Frank,* 550 F.2d 726, 730 (2d Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977). Absent notice requirements and statutes of limitation, the defendant would clearly be prejudiced by its inability to effectively defend due to a lack of understanding and a staleness of facts. However, if the defendant can recognize and respond to the claim, then leave to amend the complaint's deficiencies, even if such amendment must take place after the expiration of the statute of limitations, may be freely given without unduly prejudicing the defendant. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300, 306 (10th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971). Thus, if the facsimile complaint provided adequate notice to the defendant of the factual and legal issues involved in the claim and if the correction of the deficiencies would not unduly prejudice the defendants, it is incumbent upon the Court to adjust the official filing date to reflect the date the facsimile complaint was received.

There is no indication that the facsimile complaint would not have provided adequate notice to the defendant. In fact, the facsimile complaint was identical to the mailed complaint received two days after the expiration of the statute of limitations and filed by the clerk at that time with no difficulties. After reading the complaint at issue, this Court is convinced that the plaintiff's claim was spelled out in adequate detail. The Government clearly could discern from the complaint the factual and legal bases upon which the plaintiff relied. *See Andujar, supra,* 113 F.R.D. at 154–59 (effective formal notice is achieved by identifiable statement of factual basis, legal issues involved in plaintiff's claim). Therefore, since the facsimile complaint was received by the clerk on August 24, 1987, two days before the statute of limitations expired, the only remaining deficiencies of

concern are the absence of an original signature and the failure to pay the filing fee. Neither of these two deficiencies in anyway prejudiced the defendant and thus do not provide a basis for refusing to recognize the facsimile complaint as appropriate for filing.

■ First, Rule 11 requires that "[a] party who is not represented by an attorney shall sign his pleading * * *." RUSCC 11 (1985). The original signature requirement acts to certify the validity of the factual basis for the claim and to ensure that the claim is brought in good faith. Wright & Miller stated the following about the failure to attach the requisite signature:

§ 1334. Effect of Failure to Comply with Rule

[I]n view of the basic policy of the federal rules to adjudicate actions on their merits rather than on procedural niceties, a motion to dismiss or to strike under [Rule 11] should not be granted unless the moving party has been severely prejudiced or misled by the pleader's failure to sign.

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1334 (Supp.1987); *see also Covington v. Cole*, 528 F.2d 1365, 1369 (5th Cir.1976). By allowing the plaintiff to attach his original signature retroactively to the facsimile complaint, this Court would in no way condone a substantive change in the facts and legal issues being advanced. A signature secured four days after the facsimile complaint was received would fulfill any concerns this Court may have regarding the genuineness of the claim and the plaintiff's good faith. Moreover, the Rule itself contains a sentence that states "[i]f a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." RUSCC 11 (1985). Allowing the original signature to be retroactively applied to the facsimile complaint is merely a matter of procedure which would not prejudice or mislead the defendant. Consequently, the Court finds that the facsimile complaint should not be barred as a formal complaint since the deficient certification could have been corrected by affixing an original signature after filing without unduly prejudicing the defendant.

■ The second argument advanced by the defendant is that the facsimile complaint failed to commence an action because the requisite filing fee was not paid. The filing fee is required to defray the clerk's costs of filing the complaint and serving notice on the defendant. This requirement is solely for the Court's benefit and is not meant to be used as a means by which the defendant can avoid addressing a plaintiff's claim on the merits. The simple truth is that the defendant is not prejudiced by a failure to pay the filing fee. Even if the potential for prejudice existed, the fact that the clerk received the filing fee four days after the facsimile complaint was filed eliminated any prejudice the defendant herein may possibly have experienced. This conclusion is supported by *Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), in which the Supreme Court concluded that a four-day delay in the filing fee payment did not vitiate the validity of the petitioner's notice of appeal. As in the instant case, *Parissi* addressed the situation where the statute of limitations had expired before the filing fee was actually paid. Therefore, this Court finds that the short delay in the payment of the requisite filing fee should also not bar recognition of the facsimile complaint as formal notice of the commencement of an action.

■ In summary, the facsimile complaint defined the factual and legal issues involved in the plaintiff's claim and thus constituted effective formal notice to the defendant. Likewise, the Court finds that the clerk's inability to notify the plaintiff's attorney (or the plaintiff) of the original signature and filing fee deficiencies should not bar the recognition of the facsimile complaint as a valid means of providing formal notice. This is so because the stated deficiencies, under ordinary circumstances, could have been rectified after filing and consequently the defendant was in no way prejudiced. Therefore, since the facsimile complaint was delivered on Au-

gust 24, 1987, two days prior to the expiration of the statute of limitations, the Court will consider this action effectively commenced as of that date.

## CONCLUSION

In light of the injustice of barring the August 24, 1987 filing under the circumstances of this case and in light of the fact that the deficiencies in the valid filing did not impair its ability to give formal notice, plaintiff's motion to correct the filing date is granted. In this case, the facsimile complaint in question was delivered to the clerk within the statute of limitation period. Therefore, the Court orders the official filing date to be corrected *nunc pro tunc* to reflect the date of receipt of the facsimile complaint on August 24, 1987.

Accordingly, defendant's motion for dismissal of the plaintiff's complaint for lack of jurisdiction is denied. Defendant's answer to the complaint will be due within 30 days of the date of this order.

IT IS SO ORDERED.