**Thomas WALTHER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 2–293 T.

United States Court of Federal Claims.

Sept. 12, 2002.

Bruce D. Steiner, Philip S. Gross, New York City, for plaintiff.

Robert N. Dorosin, Washington, DC, with whom was Assistant Attorney General Eileen J. O'Connor, for defendant, Mildred L. Seidman, Chief, Court of Federal Claims Section, Steven I. Frahm, Assistant Chief, of counsel.

## ORDER

MILLER, Judge.

At issue in this case is whether plaintiff's claim for a tax refund is barred under the two-year statute of limitations set forth in § 6532(a)(1) of the Internal Revenue Code (the "I.R.C." or the "Code"), or whether Rule 3(b)(2) ("former Rule 3(b)(2)") of the Rules of the United States Claims Court (the "RUSCC"), which were in effect at that time, allows an exception that could provide relief to plaintiff.[1]

## FACTS

The plaintiff, Thomas Walther, sought recovery of federal income tax in the amount of $42,920.00 for the taxable year ending December 31, 1987. Plaintiff filed for a refund of income tax on or about March 31, 1998. The Commissioner of Internal Revenue denied plaintiff's request on April 5, 2000, issuing a statutory notice of claim disallowance.

Plaintiff then tried to contest the disallowance. Under I.R.C. § 6532(a)(1), which establishes a two-year limitation period, the filing deadline for a challenge to the disallowance was midnight on Friday, April 5, 2002. Plaintiff's attorney entrusted a colleague, Philip S. Gross, to file the complaint on that day. Plaintiff does not indicate why plaintiff's attorney did not file the complaint himself, stating only that Mr. Gross was in the Washington D.C. area for a "family occasion." Pl.'s Br. filed Jul. 11, 2002, at 2. Mr. Gross apparently waited until 10 p.m. on April 5, 2002, to attempt to file the complaint.

Mr. Gross attempted to deposit the complaint in the court's night mail drop, but he

---

1. Although the court revised its rules in May 2002, the former rules of the court apply to this case because all relevant events took place before May 1, 2002. RCFC 86.

could not locate it. According to plaintiff's brief, Mr. Gross, his wife, and his parents spent more than two and one-half hours looking for the court. They allegedly asked at least 12 people for directions, including police officers, firemen, and security guards. They also attempted to locate the court using an Internet map resource, but to no avail.

Mr. Gross ultimately filed the complaint by Federal Express on Monday, April 8, 2002. He included a handwritten note with the complaint dated April 6, 2002, asking the clerk to pre-date the material April 5, 2002, and suggesting that the court put directions to the drop box on the Internet.

Defendant moved to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1).[2] Defendant contends that jurisdiction is lacking because the two-year statute of limitations in I.R.C. § 6532(a) bars plaintiff's tax claim. The Internal Revenue Service (the "I.R.S.") sent a notice of disallowance to plaintiff on April 5, 2000. Plaintiff's complaint was filed April 8, 2002, more than two years after the disallowance. Therefore, defendant argues that the filing of the complaint was untimely.

Plaintiff does not dispute that I.R.C. § 6532(a) applies to this case, or that the applicable statute of limitations expired on April 5, 2002. Plaintiff contends, however, that the court's rules provide him with relief. Plaintiff urges this court to use its authority under former Rule 3(b)(2) to issue a corrective order deeming that the complaint was filed on the last date allowed under the statute of limitations.

## DISCUSSION

The Court of Federal Claims has jurisdiction to determine claims seeking refund of taxes paid, insofar as Congress has waived sovereign immunity in tax refund matters, pursuant to 28 U.S.C. § 1491(a).

■ In ruling on a motion to dismiss, the court assumes as true all allegations made by the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40

L.Ed.2d 90 (1974) (*overruled on different grounds by Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)). In this case the court will assume all plaintiff's allegations to be true. The burden of proving that the Court of Federal Claims has subject matter jurisdiction over a claim rests with the party seeking to invoke its jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

I.R.C. § 6532(a)(1) provides:

(1) General Rule: No suit or proceeding under § 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of 2 years from the date of mailing ... by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Plaintiff alleges that the notice of disallowance was mailed on April 5, 2000. Plaintiff admits that he did not file his complaint challenging the disallowance until April 8, 2002, notwithstanding the exhaustive effort by Mr. Gross and his family to file the claim on the night of April 5, 2002. In sum, plaintiff does not allege that he made a timely filing of his complaint and does not dispute that I.R.C. § 6532(a) applies to this case.

■ Plaintiff asks the court to amend the filing date of his complaint so that the complaint is deemed to have been filed on April 5, 2002, the last day before the statute of limitations ran on the claim. Plaintiff relies on former Rule 3(b)(2) as authority for his motion to amend the filing date.

Former Rule 3(b)(1) provides that the records of the clerk, including the date stamped on the complaint, shall be "final and conclusive evidence" of the date on which a complaint was filed, absent a motion under former Rule 3(b)(2) to amend the filing date. "It is a well established rule of law that a petition is considered filed when it is delivered to the court." *Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 272, 384 F.2d

---

2. All of plaintiff's averments concerning counsel's benighted attempt to file his complaint appear unsworn in plaintiff's brief. The court credits them for purposes of ruling on defendant's motion.

434, 441 (1967); *see also Schultz v. United States*, 132 Ct.Cl. 618, 622, 132 F.Supp. 953, 955–56 (1955). Former Rule 3(b)(2) provides three exceptions to this rule that allow the court to issue a corrective order to deem a complaint filed earlier than its actual filing date. This court will address the three alternatives in turn.

First, former Rule 3(b)(2)(B) provided that a party may move to amend a filing date if the motion is supported by "a proper showing that the clerk's records are factually incorrect." Plaintiff admits that he did not file the complaint until April 8, 2002. Plaintiff does not contend that the clerk's date stamp reflected the wrong date of the filing. The exception contained in former Rule 3(b)(2)(B) therefore does not apply.

■ Second, former Rule 3(b)(2)(C) applies to complaints filed by mail and allows the court, on motion by a party, to deem a complaint filed on the last date allowed by a statute of limitations, if the complaint was mailed in advance of that date. To qualify for this exception, plaintiff must satisfy all three elements set out in former Rule 3(b)(2)(C). *See Carter v. United States*, 15 Cl.Ct. 753, 754 (1988). Former Rule 3(b)(2)(C) requires a plaintiff to show 1) that the complaint was sent by registered or certified mail, properly addressed to the clerk of the court; 2) that the complaint was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; and 3) that the party plaintiff exercised no control over the mailing after it was deposited and before it was delivered to the court. Plaintiff does not meet the second element of the exception because he does not allege that he timely deposited the complaint in the mail; indeed, plaintiff admits that he mailed the complaint after the April 5 deadline. "Application of Rule 3(b)(2)(C) is appropriate only when the plaintiff has shown that the mailed complaint, in the ordinary course of mail delivery, should have arrived at the Court within the statutory time period." *Ross v. United States*, 16 Cl.Ct. 378, 382 (1989). Therefore, the exception contained in former Rule 3(b)(2)(C) does not apply.

Third, former Rule 3(b)(2)(A) contains a more general provision, allowing a party to seek a corrective order from the court if a party contends "that the effective date of the plaintiff's complaint should properly be a date earlier than that shown by the clerk's records." In deciding when a complaint should "properly" be dated earlier than its actual filing date, the court must consider past treatment of such tax revenue claims.

The Supreme Court has held that I.R.C. § 6511 does not contain an equitable tolling exception to the statutory deadline for filing tax refund claims. *See United States v. Brockamp*, 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). The Supreme Court held that because the statute set out its limitations in such a highly detailed manner, "linguistically speaking, [the statute] cannot easily be read as containing implicit exceptions." *Id.* at 350, 117 S.Ct. 849. The Court also noted that an implied equitable tolling exception would create a significant administrative burden for the I.R.S. *Id.* at 352, 117 S.Ct. 849. Correspondingly, the Federal Circuit has held that "26 U.S.C. 6532(a) does not contain an implied 'equitable' exception under the Supreme Court's analysis delineated in *Brockamp*." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed.Cir. 1998).

Statutes of limitations for tax refunds "are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary." *Kavanagh v. Noble*, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150 (1947). "Remedies for resulting inequities are to be provided by Congress, not the courts." *Id.* In his *Charlson* dissent, Judge Oscar Davis outlined the limits of the court's authority to extend statutes of limitations:

[A] court's power to ease the effects of a limitations period established by Congress for suits against the sovereign is relatively narrow ... The Supreme Court "has consistently ruled that no federal judge or court possesses the power to extend the time for appeal beyond the statutory period by any form of judicial action" ... Though we might, if we were legislators, prefer to change some of the existing stat-

utory requirements, we cannot as judges absolve a petitioner from the consequences of his failure to pursue his existing remedies in a timely manner ... Relief from these rigors of limitations, where it seems to run unfairly, should originate in Congress rather than the courts.

181 Ct.Cl. at 297–98, 384 F.2d at 456, (internal citations omitted). "[W]e should continue to apply to the facts of this case the standards established by our prior decisions and the general judicial practice, and leave modifications to the legislature." *Id.* Judge Davis authored this formulation in 1967, and Congress has had ample time in the interim to amend the I.R.C. It has failed to do so. It is therefore beyond the powers of this court to find an exception for plaintiff in former Rule 3(b)(2) that the Code plainly does not provide.

█ Strict application of the statute of limitations compels a harsh result in this case. Plaintiff stands to lose a potentially valid claim involving more than $40,000.00 in taxes. Denying plaintiff his day in court is a dire consequence. Mindful of this result, at least one judge has cautioned that "full compliance [with the court's rules] must not contravene the interests of justice." *Ross,* 16 Cl.Ct. at 383. Although this court cannot interpose equitable considerations to avoid the result mandated by statute as interpreted by the Supreme Court and the Federal Circuit, this court has scoured the briefs to find some factual predicate for relieving this plaintiff from the lapse of judgment of his counsel. The law, however, is adamant that a litigant be held to the acts of his attorney. *Taylor v. Illinois,* 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *see also Romala Corp. v. United States,* 927 F.2d 1219, 1225 (Fed.Cir.1991) (holding that a client is bound by the acts or omissions of his or her lawyer).

Even acknowledging the equities in this case, the court nevertheless can discern no ground on which to grant plaintiff relief. Plaintiff contends that the court should deem his complaint filed earlier than it was merely because plaintiff's attorney's agent tried earnestly, with two hours remaining in the limitations period, to file the complaint. Instead of mailing the complaint to the court house, which would all but have assured its timely filing, plaintiff's counsel of record gave the complaint to a colleague, Mr. Gross, to file. Plaintiff's brief does not give any reason for preferring Mr. Gross over the mail service, except that Mr. Gross coincidentally would be in the Washington, D.C. area for personal reasons on the same date as the filing deadline. Perhaps most questionable of all is the fact that plaintiff's attorney entrusted the complaint, on the last day it could be filed, with a person whose priority in coming to the Washington, D.C. area was not to file the complaint, but to tend to personal affairs. In short, plaintiff's attorney used questionable judgment in entrusting Mr. Gross with the complaint.

A few simple steps would have saved plaintiff's complaint from a jurisdictional pitfall. Knowing that the filing window was small, plaintiff's attorney might have taken a some basic precautions to assure that the complaint was filed timely. Plaintiff's brief goes into extensive detail about how no policemen, firemen or security guards whom they encountered knew where the court was located and how even an Internet resource could not locate the court house. Failure by the city's finest to know the location of the court house is excusable. Failure by even a popular Internet cite to locate the court house is excusable. Failure by plaintiff's attorney to secure its location absolutely is not.

In short, the court agrees with defendant that plaintiff exhibited an "extraordinarily cavalier and indifferent attitude toward the obligation to file the complaint within the statutory period." Def.Br. filed Jul. 26, 2002, at 5. Plaintiff has given no valid justification for failing to comply with the court's filing rules. For these reasons the court cannot grant plaintiff relief.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

1. Defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk of the Court will dismiss the complaint without prejudice.

2. Plaintiff's motion to amend the filing date of the original complaint is denied.