# In the United States Court of Federal Claims

No. 11-886T

(Filed: June 28, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JAMES M. LANGAN, JR., as the executor
of the estate of Eleanor F. Langan,

                    *Plaintiff*,

    v.

THE UNITED STATES,

                    *Defendant*.

Tax refund; statute of limitations; presumption of timely filing.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Brendan J. Shea*, Boston, MA, for plaintiff.

*Carl D. Wasserman*, Tax Division, Department of Justice, Washington, DC, with whom were *Kathryn Keneally*, Assistant Attorney General, and *David I. Pincus*, Acting Chief, Court of Federal Claims Section, for defendant.

## OPINION

BRUGGINK, *Judge*.

This is an action for refund of estate taxes. Plaintiff, James M. Langan, Jr., brings this suit on behalf of the estate of Eleanor F. Langan, alleging that the United States ("defendant") improperly issued a tax deficiency notice against the estate. Before the court is defendant's motion to dismiss the complaint for lack of jurisdiction. According to defendant, plaintiff's complaint is untimely because it was filed outside the two-year limitations period which applies to suits for a refund. *See* 26 U.S.C. § 6532 (2006). The motion is fully briefed. Oral argument is deemed unnecessary. For the reasons set out below, we grant the motion to dismiss.

BACKGROUND[1]

On July 9, 2007, the Internal Revenue Service issued a deficiency notice against the estate assessing $378,000 in unpaid taxes and interest. Plaintiff paid the deficiency and then disputed it by filing a refund claim with the Service on May 28, 2009. The Service denied the claim in a notice of disallowance that it sent "[o]n December 16, 2009 . . . by certified mail." Compl. ¶ 11.

Plaintiff sought to challenge that disallowance by mailing his complaint to this court on Thursday, December 15, 2011. "It was not delivered until December 19, 2011," however. Aff. ¶ 7.[2] The clerk stamped December 19, 2011, as the filing date for the complaint.[3]

Defendant points out that this filing date is more than two years after December 16, 2009, the date on which the notice of disallowance of plaintiff's refund claim was mailed. It thus moves to dismiss the complaint for lack of jurisdiction because refund suits may not be filed "after the expiration of 2 years from the date of mailing by certified mail . . . of a notice of the disallowance." 26 U.S.C. § 6532; *see also RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1460 (Fed. Cir. 1998) ("[T]he taxpayer has two years from the date the notice of disallowance of the refund claim is mailed to file suit.") (citing 26 U.S.C. § 6532 (1994)).

A filing deadline for a claim against the United States "is a condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 94 (1990) (citing *Library of Congress v. Shaw*, 478 U.S. 310 (1986)). When we consider a motion to dismiss for lack of jurisdiction, furthermore, it is the plaintiff's burden to establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army*

[1] The facts are drawn from the complaint, the affidavit of plaintiff's counsel attached to plaintiff's motion to correct the filing date, and exhibits to defendant's motion to dismiss. The relevant facts are undisputed.

[2] "Aff." refers to the Affidavit of Brendan J. Shea attached to Plaintiff's Motion to Correct the Filing Date of the Complaint.

[3] The Rules of the Court of Federal Claims ("RCFC") provide that papers are filed by delivering them to the clerk. RCFC 5(d)(2)(A).

2

*& Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013). We consider all of the extrinsic evidence offered by both parties to determine whether jurisdiction exists. *See Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012); *Forestry Surveys & Data v. United States*, 44 Fed. Cl. 485, 492 (1999).

While plaintiff agrees that the complaint was filed on December 19, he has filed a "Motion to Correct the Filing Date of the Complaint." According to plaintiff, we may presume that he timely filed the complaint because he expected it to reach the court by December 16. In support of his motion, plaintiff attaches an affidavit from his attorney. Counsel states that he mailed the complaint as express mail at 11:00 p.m. on December 15, 2011, using the 24-hour window of the Dorchester Street post office in Boston, Massachusetts. Counsel concedes that the "Track & Confirm" record shows a guaranteed delivery by December 17, 2011. He asserts, nevertheless, that he "was given every indication that notwithstanding the December 17, 2011 guarantee, barring some unforeseen circumstance, the complaint would be delivered before 12:00 p.m. on December 16, 2011." Aff. ¶ 8. According to counsel, he relied on the advice of a postal clerk, who "expected that both first-class and express mail addressed to government offices, [would] be delivered the next morning in Washington D.C." *Id.* ¶ 5.

Counsel also relied on his 20 years of experience in mailing documents to the court, specifically his previous use of the 24-hour window. He asserts that as long as packages are mailed at this window before midnight, "they are delivered in Washington D.C. the next business day." *Id.* ¶ 3.

Defendant argues that plaintiff could not have had a reasonable expectation that his complaint would arrive on time. Defendant notes that the Track & Confirm record shows a mailing label with a "Scheduled Date of Delivery" for December 17. *See* Def.'s Memo. Exh. 5.[4] Defendant also submits a printout from the U.S. Postal Service website. *See* Def.'s Memo. Exh. 6. The printout specifically addresses packages sent from the Dorchester Street station. It shows that the Postal Service expects packages to arrive in Washington by noon the next business day, if they are dropped off before 8:00

---

[4] "Def.'s Memo." refers to the Motion to Dismiss Plaintiff's Complaint Pursuant to RCFC 12(b)(1) for Lack of Subject Matter Jurisdiction.

p.m. at the 24-hour window. *See id.* The Express Mail Service Commitments application on the website[5] confirms this assertion.[6] A click on the question-mark icon reveals the following statement:

> Express Mail items need to be mailed by a certain time for us to meet our delivery commitment. This is called the "drop-off" or "cut-off" time. You can still send the mailing after the drop-off time; however, the same service guarantee will not be available. For packages that must ship with next-day service, please contact your shipping facility to verify the cut-off time.

*See supra* note 5. Plaintiff does not challenge this evidence.

## DISCUSSION

Based on the facts set out above, we must determine whether plaintiff's complaint was timely filed. Plaintiff asserts that we may presume his complaint is timely filed based on the proposition that "a letter which is properly sealed, stamped, addressed, and deposited in the United States Mails is presumed to reach the addressee and be received by him in due course of the mails." *Charlson Realty Co. v. United States*, 384 F.2d 434, 442 (Ct. Cl. 1967).

In *Charlson*, the Court of Claims presumed the timely filing of a complaint based on the above rule. *Id.* at 442-45. The stamp on the complaint indicated that the filing was one day after the limitations deadline of December 6, 1962. *Id.* at 438-39. After the government moved to dismiss the complaint, plaintiff disputed the date and provided evidence that it had mailed the complaint as first-class mail on November 30, with sufficient time for it to reach the court. *See id.* at 438, 441. Testimony of postal employees showed that the complaint would have arrived at the court "in due course of mails on

---

[5] *See* United States Postal Service, "Express Mail Service Commitments," http://webapps.usps.com/expressmailcommitments/commitments_results_w .jsp?search (type 02205 into the "Origin ZIP Code" box, type 20005 into the "Destination ZIP Code" box, pick a shipping date, and click "Submit") (last visited June 28, 2013).

[6] We may take judicial notice of statements made on the U.S. Postal Service website. *See Liu v. United States*, 93 Fed. Cl. 184, 191 n.7 (2010).

4

December 3rd, 4th, or 5th, 1962, whether it traveled as First or Fourth Class Mail." *Id.* at 441. Considering this evidence, the court stated the following:

> The plaintiff did everything that could be reasonably expected of it in the mailing of its petition to this court. There is no showing of negligence on its part. The petition was mailed in plenty of time for it to reach the court in due course of the mails within the limitation period.

*Id.* at 445 (internal citations omitted). The court held that the presumption of arrival in due course of the mails overcame the filing date on the complaint. *Id.* It is only if plaintiff meets his burden of justifying the presumption of timely filing that the burden shifts to defendant to prove with direct evidence that the complaint was nonetheless not timely filed. *Id.* at 444-45. Such evidence must be "direct, positive, clear and convincing evidence which is uncontradicted, to the contrary." *Id.* at 445.

One could read *Charlson* as allowing the imposition of a fictional filing date based on its statement that "[t]he plaintiff did everything that could be reasonably expected of it in the mailing of its petition to this court. . . . The petition was mailed in plenty of time for it to reach the court in due course of the mails within the limitation period." *Id.* at 445. And indeed one of the concurring judges pointed out that, "I agree with the commissioner . . . that this petition in cold fact arrived [late] on December 7. Arrival on or before December 6 appears to me to be to all intents not a presumption merely, but a legal fiction." *Id.* at 449 (Nichols, Judge, concurring).

Even under this construction of *Charlson*, however, the court made it clear that whatever presumption of timely filing arises from prudent behavior disappears when there is "direct, positive, clear and convincing evidence which is uncontradicted, to the contrary." *Id.* at 445. Although the court in *Charlson* did not view the clerk's office date stamp as controlling, that decision and its progeny do not hold that mere prudence overcomes uncontroverted evidence of untimely filing.

Former Rule 3 of the Rules of the Court of Federal Claims ("RCFC") temporarily codified the ruling in *Charlson*. *See* 28 U.S.C. app. RCFC 3(b)(2)(C) (2000); *Carter v. United States*, 15 Cl. Ct. 753, 755 (1988)

5

("*Charlson* set forth the standard now embodied in Rule 3(b)(2) . . . .").[7] In several cases, this court and its predecessor analyzed whether to apply former Rule 3 so as to overcome the apparent filing date, and in each case the court refused to do so. *See Walther v. United States*, 54 Fed. Cl. 74, 76 (2002)*; Ross v. United States*, 16 Cl. Ct. 378, 382 (1989); *Carter*, 15 Cl. Ct. at 754-55. The plaintiff in *Walther* mailed the complaint after the deadline. 54 Fed. Cl. at 76. In *Ross*, the plaintiff did not provide enough evidence because he submitted only his own affidavit and an affidavit from his attorney, who relied on "the assurances of a postal clerk that the complaint would arrive in a timely manner." 16 Cl. Ct. at 382. In *Carter*, the Claims Court refused to presume a timely filing because, *inter alia*, the evidence showed that it would normally take at least three days for the complaint to reach the court, while the attorney sent the complaint two days before the end of the limitations period. *See* 15 Cl. Ct. at 754-55.

Although 2002 amendments to the RCFC deleted the *Charlson* standard,[8] this court applied the ruling in *Liu v. United States*, 93 Fed. Cl. 184,

---

[7] Former Rule 3 provided that

> [i]n a situation where a complaint is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the complaint, if the complaint was received by the clerk through the mail, it may, by order of court, upon motion of the party plaintiff, be deemed to have been filed on the last date allowed if there is a proper showing (i) that the complaint was sent by registered or certified mail, properly addressed to the clerk at 717 Madison Place, N.W., Washington, D.C. 20005, and with return receipt requested; (ii) that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; and (iii) that the party plaintiff as sender exercised no control over the mailing between the deposit of the complaint in the mail and its delivery.

28 U.S.C. app. RCFC 3(b)(2)(C)(ii) (2000).

[8] The comments note that this change was "in the interest of uniformity and in the belief that it was inappropriate to include a rule of decision as part of a
(continued...)

6

191-92 (2010). *Liu* discussed *Charlson* and held that a plaintiff must "demonstrate an objectively reasonable expectation that the package will arrive on time based on the normal operation of the mail in order to be entitled to the strong presumption." *Id.* at 191. The *pro se* plaintiff in *Liu* offered evidence from the U.S. Postal Service website, suggesting that priority mail should arrive within two to three days. *Id.* at 192. Because the plaintiff sent the complaint three business days before running of the limitations period, *id.* at 191, the court could not "conclude that Plaintiff acted unreasonably" and presumed that complaint was timely filed. *Id.* at 192. The only evidence offered by the government to the contrary was the date stamped on the complaint in the clerk's office, which the court found to be insufficient evidence to rebut the presumption of timely filing. *Id.*

There are two reasons the result here cannot be the same as that in *Charlson* and *Liu.* First, if the presumption of timely filing can arise from mere prudence, then plaintiff did not meet that test here. In his affidavit, plaintiff's counsel states that "without exception . . . if documents are mailed regular first-class mail at the 24-hour window . . . by midnight they are delivered in Washington D.C. the next business day." Aff. ¶ 3. He also states that, at 11:00 p.m. on December 15, a Postal Service employee assured him that express or first-class mail would indeed arrive in Washington the next day.

The Postal Service website, however, warns that a package must be delivered at the 24-hour window by 8:00 p.m. to ensure delivery by 12:00 p.m. the next day. As to later drop-off times, the website advises customers to check with the local office, but it is silent as to what commitments apply in that case, and as counsel admits, his package only had a "December 17, 2011 guarantee." Aff. ¶ 8. In addition, the mailing label from the Track & Confirm record shows a scheduled date of delivery of December 17, which would have been untimely.

Unlike the plaintiff in *Charlson*, who "did everything that could be expected of it in mailing the petition to this court" six full days before the due date, 384 F.2d at 445, plaintiff here certainly did not do everything that could be expected of him to ensure timely delivery. He could, for example, have mailed the complaint a week before the filing deadline. On the face of it,

[8](...continued)
procedural rule." 28 U.S.C. app. RCFC 3 (Supp. III 2003).

7

waiting until 11:00 p.m. on the day before the last possible day of filing to mail the complaint is anything but reasonable. At that late date, the only option plaintiff's counsel left himself if he had not decided to take the risk of mailing the complaint was to drive to Washington, which would have turned out to be a better option. Clearly plaintiff is not entitled to a presumption of timely filing.

Even if the presumption applied, however, and the burden of proof shifted to defendant, the second reason we must dismiss the complaint is that we have uncontroverted proof that the complaint arrived late – plaintiff's admission to that effect. Aff. ¶ 7.

We therefore deny plaintiff's motion to correct the filing date and grant defendant's motion to dismiss for lack of jurisdiction without prejudice. Accordingly, the Clerk of Court is directed to enter judgment for defendant. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge