Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues under the Act of June 25, 1938,[1] to recover increased labor and material costs due to the passage of the National Industrial Recovery Act. The defendant’s main defense is that the claim was not filed within the time required by this Act.
Section 1 of the Act of June 25,1938, provides:
That jurisdiction is hereby conferred upon the Court of Claims to hear, determine, and enter judgments against the United States upon the claims of contractors, including completing sureties and all subcontractors * * * whose contracts were entered into on or before August 10, 1933, for increased costs incurred as a result of the enactment of the National Industrial Recovery Act: Provided,, That * * * this section shall apply only to such contractors, including completing sureties and all subcontractors and materialmen, whose claims were presented within the limitation period defined in section 4 of the Act of June 16,1934 (41 U. S. C., secs. 28-33).
Sections 1 and 4 of the Act of June 16, 1934, 48 Stat. 974, 975, provide:
SectioN 1 * * * Any contractor, subcontractor, or completing surety desiring an adjustment and settlement with respect to any such contract under this Act for increased costs incurred after August 10,1933 * * * shall file with the department or administrativo establishment concerned a verified claim itemizing such additional costs * * *.
Section 4. No claim hereunder shall be considered or allowed unless presented within six months from the date of approval of this Act, or, at the option of the claimant, within six months after the completion of the contract, except in the discretion of the Comptroller General for good cause shown by the claimant.
Under these Acts we have jurisdiction only of such claims as ivere “presented Avithin the limitation period defined in *504 section 4 of the Act of June 16, 1934” (48 Stat. 974, 975). That section required the filing of the claim within six months, unless the time was extended by the Comptroller General. The character of the claim to be filed was defined in section 1. It was “a verified claim itemizing such additional costs.”
The only semblance of a claim filed by plaintiff within the six months was a letter reading, “ * * * it is our intention shortly to submit a claim for increased cost due to the N. R. A., in approximate amount of $4,000.”
This was merely notice of intention to do what the Act required; it did not constitute the filing of the claim. Mere notice of intention to do what the Act required cannot toll the statute. Werner v. United States, 86 F. (2d) 113; Waters, et al v. United States, 12 F. Supp. 658, 660.
But aside from this, the statute required that the claim to be filed should be verified and should itemize the additional cost claimed. The alleged claim which was filed within the six-month period was neither itemized nor verified. An itemized verified claim was filed about two years later, but the Comptroller General had not extended the time for filing it, and he was the only one authorized to do so. The 1934 Act forbade consideration of any claim which was not presented within six months or within such further time as the Comptroller General might allow. Douglas Aircraft Co. v. United States, 95 C. Cls. 745.
It is suggested that the defendant is estopped to plead the statute because the General Counsel of the Procurement Division led plaintiff to believe that the letter filed on October 23, 1935, was a sufficient compliance with the statute and that he might file his verified itemized schedules after the expiration of six months. This does not give rise to an estoppel because the defendant had not authorized this one of its agents to make any such statement, but, on the contrary, had said that only the Comptroller General had this power. This was said in the very Acts which create the right upon which plaintiff sues. Plaintiff knew, or should have known, that only the Comptroller General had the right to extend the time for filing the claim and, therefore, had no right to rely upon the statement of the General Counsel of the Procurement Division. Long ago it was held that persons dealing with the *505 Government must take notice of the extent of the authority it has given its agents, Hawkins v. United States, 96 U. S. 689, 691, and that it is not bound by the declarations of its agents unless it appears that they were acting within the scope of their authority. Lee v. Munroe, et al., 7 Cranch 366; Wilber National Bank v. United States, 294 U. S. 120, 123-324. It was also held many years ago that no officer of the Government has authority to waive the statute of limitations, unless this authority is expressly given him. Finn v. United States, 123 U. S. 227, 233. This was reiterated within the last decade. Munro v. United States, 303 U. S. 36, 41.
In the case last cited a veteran wished to sue to recover on a War Eisk Insurance policy. The Assistant United States Attorney had told him that it was necessary only to serve the summons within the statutory period and that the complaint could be filed later. Eelying thereon, summons was served within time, but the complaint was not. The Supreme Court held that the District Attorney had no power to waive the statute of limitations, and dismissed the suit.
Since, admittedly, the required claim was not filed within the statutory period, and this period was not extended by the only one authorized to do so, we are of opinion that we are without jurisdiction, and that plaintiff’s petition must be dismissed. It is so ordered.
Whaley, Chief Justice, and Booth, Chief Justice (retired), recalled, concur.

 52 Stat. nor.