The facts sufficiently appear from the opinion of the court.
Howell, Judge,
delivered the opinion of the court:
Plaintiff, who has appeared pro se, seeks to recover the sum of $6,450, representing salary for a period of two years and three months, of which she says she has been deprived by reason of her removal from the Postal Service.
Defendant has filed a motion to dismiss the petition on the grounds (1) that plaintiff’s claim is barred by the Statute of Limitations, 62 Stat. 976, 28 U. S. C. (Supp. Y), § 2501, and (2) that the claim is barred by laches.
It appears from the allegations in the petition that plaintiff had been employed by the Federal Government in various positions from October 9, 1917, until June 15, 1946. On June 30,1942, plaintiff was appointed a regular clerk in the *753 United States Post Office in Detroit, Michigan. About the middle of July 1945, she complained in writing about working conditions on the workroom floor and unexplained marks resembling needle marks on her arms and wrists. The Postmaster requested that she take a physical examination at the Marine Hospital in Detroit on August 11, 1945. On that date plaintiff was on vacation and did not take the examination.
Some time in the latter part of November 1945, plaintiff discovered various blisters on her body, which she believed, according to the petition, were caused by heat rays of some sort on the workroom floor. Thereafter, on December 12, 1945, the Postmaster ordered plaintiff in writing to take a physical examination at the Marine Hospital in Detroit, stating that:
Unless you report as directed, within three days, it will be necessary that this office insist on your involuntary retirement.
Plaintiff did not report for this examination, but requested and was granted a 30-day leave of absence, during which time she was examined by physicians of her own choice on December 18,1945, and again on December 28,1945.
At the expiration of her leave of absence, plaintiff reported to the Detroit Post Office for duty on January 20, 1946, but was not allowed to work. She then called for a postal inspector, at which time she was furnished with a memorandum from a supervisor stating:
By orders of the Assistant Postmaster and Superintendent of Incoming Mails, you are not to work until we receive further instructions.
On January 21,1946, plaintiff sent a wire to the Civil Service Commission in Washington, D. C., stating that she had not been allowed to go to work following the expiration of her leave of absence, and on February 6,1946, she furnished the Civil Service Commission with a letter of details. Some time thereafter, she was requested by registered letter to appear for an interview at the office of the Postal Inspector on March 12,1946. Plaintiff reported for the interview, and subsequently received a letter of charges from the Postal Inspector to which she replied on March 19, 1946.
*754 Plaintiff then alleges that her removal from the Post Office in Detroit on June 15, 1946, was made effective by letter dated May 31, 1946, from the First Assistant Postmaster General, Washington, D. C., on charges made by the Detroit Postmaster and the Post Office Inspector, at which time disability retirement was offered plaintiff.
Plaintiff sues for salary covering a period of two years and three months, the approximate amount of time required to give her 30 years’ Government service, from 1946 to 1948.
Plaintiff was separated from the service on June 15,1946, and the petition does not disclose that she had any accumulated annual or sick leave at that time, or that she was thereafter carried on the rolls of the Post Office Department in any status whatever. It would thus appear that the cause of action, if any, accrued on June 15, 1946. See Ernest R. Gray v. United States, No. 132-52, decided February 3,1953. [124 C. Cls. 313.]
The petition in the instant case was filed on June 16, 1952, or six years and one day after the cause of action first accrued. The last day of the six-year period fell on Sunday, June 15, and the issue thus presented is whether this fact entitled plaintiff to file her petition the following day.
In Graf v. United States, 87 C. Cls. 495, not cited by defendant, a similar question was presented. Suit was brought for a refund of taxes paid. It was alleged that the claim for refund was disallowed on June 7,1934. The petition was filed on June 8, 1936. The last day of the two-year period prescribed by law for bringing suit fell on Sunday, and the sole issue in the case was whether the filing of the petition on the following day was timely.
Plaintiff contended that as Sunday was the last day of the period, Rule 98 (b) of the Pules of this court extended the time for filing until the following day. Pule 98 (b), a predecessor of our present Pule 5 (a), read in part:
When the time prescribed by the rules of this court, or of the Supreme Court, or by statute for doing an act expires on a Sunday or legal holiday, such time shall extend to and include the next succeeding day that is not a Sunday or legal holiday.
In holding that the petition was not timely filed, we said, at page 496:
*755 This court may make rules to govern its own proceedings to the extent provided by law but it has no power to enforce a rule which changes the effect of a Federal statute.
We therefore hold that the petition was filed too late and the motion to dismiss the case must be sustained.[1]
Buie 5 (a)[2] does not purport to, nor was it ever intended to, extend the period of the Statute of Limitations. By its terms it is applicable only to the computation of periods of time “prescribed or allowed by these rules, by order of the Court, or by order of a Commissioner.” It has no application to petitions not filed within the period allowed by law.
We therefore hold that since plaintiff’s petition was not filed until June 16, 1952, six years and one day after the cause of action accrued, the claim is barred by the Statute of Limitations and the motion to dismiss must be granted.
In view of the conclusion we have reached, it is not necessary for the court to consider the additional defense of laches interposed by the defendant.
The petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 See also Frackelton v. United States, 57 C. Cls. 587, cited in the Ctraf case.

 “In computing any period of time prescribed or allowed by these rules, by order of the Court, or by order of a Commissioner, the day of the act, event, or default after which the designated period of time begins to run is not to be included; The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday in the District of Columbia, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday, nor a legal holiday.