**AMCO CONSTRUCTION COMPANY, Plaintiff-Appellant,**

v.

**MISSISSIPPI STATE BUILDING COMMISSION, Defendant-Appellee.**

**No. 79–1439**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1979.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

David L. Reynolds, Jackson, Miss., for plaintiff-appellant.

A. F. Summer, Atty. Gen. of Mississippi, Henry T. Wingate, H. L. B. Foote, Jackson, Miss., for defendant-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Amco Construction Company, Inc. appeals the District Court's dismissal of its cross claim for lack of jurisdiction. We affirm because we are convinced that the District Court was correct to conclude that this cross claim bore an insufficient relationship with the original claim to warrant application of the doctrine of ancillary jurisdiction.

The genesis of this complex litigation was in two contracts entered into between the Mississippi State Building Commission ("Commission") and Amco Construction Company, Inc. ("Amco"). The contracts called for the installation of utilities, paving and other construction work at a state park. As part of securing the contracts, Amco furnished a performance and payment bond with the Commission as obligee and the Houston General Insurance Company ("Houston General") as surety. Amco also entered subcontract agreements with Stiglet, Inc. ("Stiglet"), Holcomb Asphalt Company, Inc., and American Tennis Courts, Inc. to perform specific portions of the project. When Amco abandoned the contract work in October of 1975, Houston General, as surety, undertook to effect completion of the project and called upon the subcontractors to complete their work. However, the Commission contended that the work performed under the aegis of Houston General did not conform to plans and specifications. The Commission then undertook to complete the project utilizing the services of other contractors. The park facilities were open in January of 1976.

The original complaint in this action was filed by Stiglet, a Mississippi Corporation, against Houston General, a Texas Corporation, in the Circuit Court of Jackson County, Mississippi in December of 1977. The cause was removed to the United States District Court for the Southern District of Mississippi. Stiglet claimed payment under the performance and payment bond for labor and materials furnished Amco relative to Amco's contract with the Commission. Jurisdiction was premised upon diversity of citizenship. Holcomb Asphalt Company, Inc. intervened and filed an action against Houston General also claiming nonpayment arising out of the same contract. Houston General, in turn, filed third party claims against the project engineer and the Commission, and against Amco and others, alleging an entitlement to substantial indemnification as a result of monies expended in its efforts at completing Amco's contract with the Commission and further alleging an entitlement to various sums for part performance of the construction contract abandoned by Amco. Amco, in turn, filed a cross claim against the Commission and the project engineer. Amco alleged that the plans and specifications furnished by the Commission were defective; that the Commission, upon proper notice, failed to issue a change order, as Amco alleged was required by the contract, for unanticipated and unforeseen conditions encountered during construction on the project; that the Commission breached an implied warranty not to hinder or interfere with the performance of Amco under the contract. As a result of these alleged breaches of contract, Amco claimed that it suffered substantial financial losses and eventually became insolvent. Amco claimed one million dollars in damages. The Commission denied that it had breached its contract with Amco and further denied that Amco was entitled to any recovery whatsoever from the Commission. Additionally, the Commission claimed liquidated damages and additional completion costs for work not performed by Amco or its surety, Houston General, which Amco denied. No diversity of citizenship existed between Amco and the Commission. All the above parties have been dismissed either with or without prejudice, except the cross-plaintiff Amco and cross-defendant Commission. Therefore, the sole claim remaining in the matter is the cross claim of Amco against the Commission.

The jurisdictional statute involved here, 28 U.S.C.A. § 1332(a)(1), confers upon federal courts jurisdiction over "civil actions where the amount in controversy exceeds the sum or value of $10,000 . . . and is between . . . citizens of different states." It has long and consistently been held that diversity of citizenship must be complete. *Strawbridge v. Curtis*, 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806). By virtue of its cross claim against the Commission, Amco occupies the status of cross-plaintiff; Amco and its cross-defendant, the Commission, are not diverse, since both are citizens of Mississippi. Hence, the doctrine of ancillary jurisdiction is the only possible basis for federal jurisdiction over Amco's cross claim. We agree with the District Court's conclusion that there was no ancillary jurisdiction here.

■ The cross claim between Amco and the Commission was filed pursuant to Fed. R.Civ.P. 13(g) which authorizes the pleading of "any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter . . . of the original action . . . ." Although Rule 13(g) permits appendage of cross claims to original actions, the mere filing of a claim denominated as a cross claim does not purport to settle the issue whether the claim is actually ancillary. Such a consequence would be untenable inasmuch as the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction. Fed.R.Civ.P. 82; *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978); *Childress v. Cook*, 245 F.2d 798, 803 (5th Cir. 1957). A claim which satisfies the "transaction or occurrence" test of Rule 13(g) necessarily must be closely related to the original action. Thus, a proper cross claim satisfies the requirements of ancillary jurisdiction. It matters not if we ask

whether this claim is a proper cross claim under Rule 13(g) or whether this claim is supported by ancillary jurisdiction. The analysis is substantially the same and our result would be the same. *See generally* 3 *Moore's Federal Practice* ¶¶ 13.34, .38; *Wright, Handbook of the Law of Federal Courts* §§ 9, 80 (3d ed. 1976); *Wright, Miller & Cooper, Federal Practice & Procedure* §§ 1431–33. The only significant distinction which need be made is that Rule 13(g) permits filing of cross claims but does not confer jurisdiction; the doctrine of ancillary jurisdiction is the source of federal authority to adjudicate a nonfederal cross claim. *See Owen Equipment Co. v. Kroger*, 437 U.S. 365, 372, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

█ We hold that there was no ancillary jurisdiction to consider this claim.

"[A]ncillary jurisdiction operates only when there is a tight nexus with a subject matter properly in federal court." *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800 (5th Cir. 1974). In *Revere Copper & Brass Inc. v. Aetna Cas. & Surety Co.*, 426 F.2d 709, 714 (5th Cir. 1970) this Court further explained, "that a claim is ancillary when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." This Court further declared:

> [I]t appears that a claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*Id.* at 715. Applying this analysis to the claim involved here, we cannot but conclude that this claim was not ancillary to the original claim.

The original claim here was a suit on a performance and payment bond brought by a subcontractor of the general contractor against the surety of the general contractor. The proposed cross claim was between two third party defendants who had been sued by the surety for indemnification. One third party defendant, Amco, sued the other third party defendant, the Commission, on a state law breach of contract theory. The proposed cross claim did not arise from the same transaction which gave rise to the original claim, nor did it arise during the course of the main claim, nor did it comprise an integral part of the main claim. The proposed cross claim could not have been determined without a substantially distinct effort at fact-finding. It would not have been necessary to decide the proposed cross claim to protect the integrity of the original claim or to insure that the disposition of the original claim would not have been frustrated. Amco's proposed cross claim stands apart; it is a cause of action wholly independent and separate.

█ As something of a postscript, we have one further observation. Amco filed its proposed cross claim in February of 1977, approximately one and one-half years before the other claims and other parties were dismissed. It was Amco who attempted to utilize the cross claim device to vindicate the alleged contract breach it suffered. It was Amco who chose to rely on the ill-defined concept of ancillary jurisdiction. The Commission, apparently assuming the propriety of bringing the cross claim, undertook to answer the cross complaint. The first adversary challenge to the cross claim came after the retrial order in the form of the motion to dismiss which the District Court granted and which we review. Now, Amco alleges that the District Court's dismissal after one and one-half years "severely prejudiced Amco and detrimentally affected its ability to maintain any operations or continue to function as a viable business concern." Brief of Appellant at 8. This "asserted inequity" is irrelevant. Notions of waiver and estoppel cannot confer on a court of the United States the jurisdiction to decide a claim. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377, 57

L.Ed.2d 274, 98 S.Ct. 2396, 2405 n.21 (1978) *citing American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18, 71 S.Ct. 534, 95 L.Ed. 702 (1951). When Amco and the Commission were brought into this litigation as third party defendants, it was Amco who seized upon the apparent opportunity presented by this chance meeting to initiate a wholly independent and separate action. It was Amco who took the chance and lost.

AFFIRMED.