**WOOD–IVEY SYSTEMS CORPO-RATION, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 92–5019.**

United States Court of Appeals, Federal Circuit.

Sept. 9, 1993.

L. Miller Williams, Williams, McGuire & Bragg, Orlando, FL, argued for the plaintiff-appellant, Wood–Ivey Systems Corp.

Steven L. Schooner, Dept. of Justice, argued for the defendant-appellee, The U.S. Also on the brief were Stuart M. Gerson, David Cohen, Mary Mitchelson and Samuel C. Watkins. Of counsel was Gregory T. Einboden, Dept. of the Navy.

Before NIES, Chief Judge, NEWMAN and PLAGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Wood–Ivey Systems Corporation appeals the decision of the United States Claims Court[1] dismissing its claim for failure to file a timely appeal. We vacate the dismissal, and remand for determination of the merits of the claim.

*Background*

Wood–Ivey and the Department of the Navy entered into a contract for a shipboard aircraft altitude positioning system. Upon completion of the contract, Wood–Ivey claimed an equitable adjustment. The claim

---

**1.** *Wood–Ivey Sys. Corp. v. United States,* No. 90–3996C (Cl.Ct. Aug. 27, 1991), *reconsid. denied,* No. 90–3996C (Sept. 11, 1991). The Claims Court has been redesignated the Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902, 106 Stat. 4506, 4516 (1992). For clarity, we shall use the name in place at the time of the Claims Court's decision.

was denied by the contracting officer, by decision dated November 30, 1989. The decision was received by Wood–Ivey on December 8, 1989. Pursuant to the Contract Disputes Act of 1978, a contractor may bring an action in the Claims Court within twelve months after the date of receipt of the contracting officer's decision.[2] The twelve-month period ended on Saturday, December 8, 1990. Wood–Ivey filed its action in the Claims Court on Monday, December 10, 1990.

Claims Court Rule 6(a) provides that a filing set by rule, order, or statute is timely when made on the first business day after a Saturday, Sunday, or legal holiday:

> **6(a) Computation.** In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which the weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

The Claims Court, declining to apply its Rule 6(a), granted the government's motion to dismiss Wood–Ivey's action as untimely filed. The court held that Claims Court Rule 6(a) can not apply to the statutory period for filing a claim. The court stated that since such a period is "jurisdictional" it is not subject to Claims Court rulemaking. The court dismissed the action for failure to plead a claim upon which relief may be granted.

*Discussion*

Claims Court Rule 6(a) is the same as Federal Rule of Civil Procedure 6(a). The application of Federal Rule 6(a) to the statutory period for filing a claim against the government has been considered by several courts, as well as the Court of Claims.[3] In *Schultz v. United States,* 132 F.Supp. 953, 132 Ct.Cl. 618 (1955) the Court of Claims overruled its prior holding in *Harmon v. United States,* 124 Ct.Cl. 751, 1953 WL 6109 (1953) that a Monday filing was not timely when the six year period for filing under the Back Pay Act ended on a Sunday. In overruling *Harmon* the Court of Claims referred to *Union National Bank v. Lamb,* 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), wherein the Supreme Court discussed the application of Federal Rule 6(a) to statutory time periods, as follows:

> Rule 6(a) of the Rules of Civil Procedure provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by "any applicable statute." Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c).

337 U.S. at 40–41, 69 S.Ct. at 912–13 (footnotes omitted).

The Claims Court has heretofore applied its Rule 6(a) without incident. In *Structural Finishing, Inc. v. United States,* 14 Cl.Ct. 447 (1988) the Claims Court stated, with respect to the filing of a complaint under 41

---

2. **41 U.S.C. § 609(a)**

(1) [I]n lieu of appealing the decision of the contracting officer ... to the agency board, a contractor may bring an action directly on the claim in the United States Claims Court....

       *     *      *     *     *     *

(3) Any action under paragraph (1) ... shall be filed within twelve months from the date of receipt by the contractor of the decision of the contracting officer concerning the claim, and

shall proceed de novo in accordance with the rules of the appropriate court.

3. In *South Corp. v. United States,* 690 F.2d 1368 (1982) the Federal Circuit adopted the precedent of the Court of Claims. The Claims Court, as successor to the trial commissioners of the Court of Claims, also adopted that precedent. *South Louisiana Grain Services, Inc. v. United States,* 1 Cl.Ct. 281, 288 (1982); General Order No. 1, 1 Cl.Ct. XXI (1982).

U.S.C. § 609(a), that "since June 6, 1987 fell on a Saturday, the filing date in this Court was extended to Monday, June 8, 1987", *id.* at 450; the complaint was not filed on Monday, however, and therefore was untimely.

Although the government dismisses these Court of Claims and Claims Court decisions as *dicta,* the rule permitting filing on the next business day after a weekend or holiday has regularly been applied in suits against the government. In *Frey v. Woodard,* 748 F.2d 173, 175 (3d Cir.1984) the court held that Rule 6(a) is appropriate for computing the time in which to file a claim against the United States, as it promotes uniformity in statutory construction. The government had argued that applying Rule 6(a) to the computation of time under the Federal Tort Claims Act expanded the jurisdiction of the district court and was contrary to Fed.R.Civ.P. 82. The Third Circuit responded that "[t]his contention, while it is in this instance clothed by the government in the mystical garments of sovereign immunity, is also frivolous." *Frey,* 748 F.2d at 175.

In *Milam v. United States Postal Service,* 674 F.2d 860 (11th Cir.1982) the district court had held that Section 2000e–16(c) of Title 42 was a "jurisdictional" statute requiring a plaintiff to file suit within thirty days of receipt of an EEOC notification letter, and that the court had no power to extend the time limit when the limitations period ended on a Sunday. The Eleventh Circuit applied Rule 6(a), stating that "[t]imely filing is not a prerequisite to federal jurisdiction. Permitting suit after the period has ended would not, therefore, work an extension of our jurisdiction." *Milam,* 674 F.2d at 862. *See also, e.g., Kollios v. United States,* 512 F.2d 1316, 1317 (1st Cir.1975) (liberal interpretation of Rule 6(a) avoids technicalities that prevent individuals from presenting their claims against the government); *Hart v. United States,* 817 F.2d 78, 80 (9th Cir.1987) (Rule 6(a) applies to time for filing tort claim against the United States and the district court properly had jurisdiction); *Jackson v. United States Postal Service,* 666 F.2d 258, 259–60 (5th Cir.1982) (applying Rule 6(a) to appeal from the Merit Systems Protection Board); *Johnson v. Flemming,* 264 F.2d 322,

323 (10th Cir.1959) ("the considerations of liberality and leniency which find expression in Rule 6(a) ... are applicable to statutory interpretation"); *United Mine Workers of America, International Union v. Dole,* 870 F.2d 662 (D.C.Cir.1989) (construing statutory time period for appeal under Fed.R.App.P. 26(a) (similar to Rule 6(a)) to exclude final weekend days and holidays unless a specific statutory provision requires otherwise).

In *United Mine Workers* the court explicitly rejected the government's argument that application of the Federal Rules to statutory time periods unjustifiably enlarges the jurisdiction of the federal courts. *Id.* at 665. Professor Wright has commented that "[i]t is difficult to perceive how a legitimate governmental interest would be prejudiced by application of the Rule 6 exclusion of final Saturdays, Sundays, and legal holidays to federal statutes of limitations". 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1163 at 469 (1987 & Supp. 1992). Only one or two circuits have held that Federal Rule 6(a) does not apply to statutes of limitations. *Id.* at 462–64.

The cases relied on by the government as illustrating special rigor because the government is a party turned on issues unrelated to the expiration of a filing period on Saturday, Sunday, or a holiday. In *Borough of Alpine v. U.S.,* 923 F.2d 170, 172 (Fed.Cir.1991), the question was whether receipt by an employee of the contractor, in the circumstances of that case, constituted receipt by the contractor to start the twelve-month limitations period. *Placeway Construction Corp. v. United States,* 713 F.2d 726, 727 (Fed.Cir.1983) involved a 120–day deadline that ended on a Friday, not a weekend or holiday. In *Cosmic Construction Co. v. United States,* 697 F.2d 1389, 1390 (Fed.Cir.1982) the complaint was filed more than three months after the deadline to file an appeal with the board of contract appeals. None of these cases involved the applicability of Rule 6(a).

The government also argues that the Claims Court must apply its Rule 6(a) differently from Court of Claims and Federal Circuit precedent and the great weight of re-

gional circuit practice. The government states that although Congress authorized the Claims Court to prescribe its rules of procedure, 28 U.S.C. § 2503(b), these rules were not required to be transmitted to Congress, as are the Federal Rules of Civil Procedure, 28 U.S.C. § 2074(a). Thus the government concludes that the Claims Court rules of procedure are inapplicable.

Claims Court Rule 6(a) was enacted in accordance with the authorization of Congress to promulgate rules of procedure. It is an official rule on which the court and the public must rely. Congress did not require return of the Claims Court Rules to Congress for review and ratification. For the government now to argue that absent such ratification this Rule can not apply as it is written is an unwarranted disruption, after ten years of Claims Court existence, and indeed an improper intrusion into the constitutional balance.

*Conclusion*

Claims Court Rule 6(a) applies to the computation of time for filing an action when the statutory filing period ends on Saturday, Sunday, or a holiday. Wood–Ivey's claim was timely filed on Monday, December 10, 1990, when the period set in 41 U.S.C. § 609(a) ended on the previous Saturday.[4]

*Attorney Fees and Costs*

Wood–Ivey requests attorney fees in accordance with 28 U.S.C. § 2412. An appropriate petition may be filed, stating the support for the request.

Taxable costs in favor of Wood–Ivey.

**VACATED AND REMANDED.**

NIES, Chief Judge, concurring and dissenting-in-part.

I concur with my colleagues that the subject complaint was timely filed. I dissent from the basis of decision in both the lead and concurring opinions. I do not agree that Rule 6(a) of the Court of Federal Claims may be invoked because "timely filing is not a prerequisite to federal jurisdiction." This ruling would be contrary to the Supreme Court precedent set forth in *Irwin v. Veterans Administration*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Kendall v. United States*, 107 U.S. (17 Otto) 123, 27 L.Ed. 437

---

4. Although Wood–Ivey raises the additional argument that the time period is subject to equitable tolling, citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), we need not reach that issue. The concurring/dissenting opinion misperceives the court's holding, which is simply that in accordance with Rule 6(a) of the Court of Federal Claims, the case was timely filed on Monday when the statutory period ended on the previous Saturday. None of the concurrence/dissent's "unbroken line of decisions", Op. at 964, apparently cited to show the error of the majority's reasoning, has any relation to filing on a weekend or holiday. None of these decisions makes mention of Rule 6(a). Indeed, none applies equitable tolling, the ground favored in the concurrence/dissent. We also observe that many of this "unbroken line of decisions" rely on *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), the case that the Supreme Court now considers obsolete if not overturned. *See Irwin*, 498 U.S. at 94, 98, 111 S.Ct. at 456–57, 459.

Our decision herein does not turn on either jurisdiction or sovereign immunity, and does not reach equitable tolling. (A separate concurring opinion discusses these issues, in response to their presentation in the concurrence/dissent.) The concurrence/dissent speculates about what the other panel members believe about jurisdiction and sovereign immunity, and has selected from opinions authored by the other panel members in other cases. Op. at 966, n. 4. To reach out for what has not been said in this case, in order to criticize it, is not an efficient use of judicial resources, and we reply only briefly. One of the criticized opinions was a dissent, which concludes:

> Indeed, whether a requirement is described as "jurisdictional" does not prohibit recourse to the interest of justice, and does not bar equitable tolling or waiver should the circumstances warrant.

*Widdoss v. HHS*, 989 F.2d 1170, 1179 (Fed.Cir. 1993) (Newman, J., dissenting). Indeed, this is the position that now is taken by the concurrence/dissent as the basis for deciding this appeal! And in *Spruill v. MSPB*, 978 F.2d 679 (Fed.Cir.1992) (Plager, J., for a unanimous panel), the other criticized opinion, even the concurrence/dissent must acknowledge that the time limit was not statutory, and thus not "jurisdictional".

(1882), and an unbroken line of decisions of the U.S. Court of Claims [1] and this court.[2]

In *Irwin,* the Supreme Court recognized that tolling principles may apply to a statute of limitations in a suit against the government, but it did not discard the hoary principle that failure to meet a statutory time limit in bringing a suit against the government is a jurisdictional default. The district court in *Irwin* had dismissed the case for lack of jurisdiction by reason of the plaintiff's failure to file within the statutory period. *See Irwin v. Veterans Admin.,* 874 F.2d 1092, 1093 (5th Cir.1989). The Fifth Circuit affirmed *expressly* on the ground that "the district court lacked jurisdiction." *Id.,* 874 F.2d at 1095. And the Supreme Court expressly affirmed the judgment of the Fifth Circuit. 498 U.S. at 96, 111 S.Ct. at 457–58. I do not believe that the Supreme Court inadvertently affirmed a dismissal for lack of jurisdiction and really meant to say that the case was dismissed on the merits. Nor do I believe the Supreme Court meant *sub silencio* to overturn its prior case law, all of which holds that a failure to meet the conditions for a waiver of sovereign immunity, including a time limitation, is a jurisdictional defect. Indeed, this principle is reiterated in *Irwin.* The Court stated:

> Respondent correctly observes that [the statutory time limit] is a condition to its waiver of sovereign immunity....

498 U.S. at 94, 111 S.Ct. at 456. Thus, the Court did not divorce a statute of limitations against the government from part of the jurisdictional requirement of the sovereign's consent to suit.[3]

As an initial point, it must be noted that statutory time periods (whether applicable between private litigants or respecting a claim against the government) fall into two categories, one being a jurisdictional limitation on the court itself, the other being only a statute of limitations, i.e., a provision for repose of stale claims which is not jurisdictional between private litigants. *See Crown Cork & Seal Co. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 394, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1982). Examples of a jurisdictional time limit would be a statute which provides that all claims of a class or type must be brought by a specified date, *Killip v. Office of Personnel Management,* 991 F.2d 1564 (Fed.Cir. 1993), and 28 U.S.C. § 2107 (1988), which mandates that no appeal brings an action to an appellate court unless filed within 30 days of entry of the appealed judgment, order or decree. A court may not change a jurisdictional time period because the statute grants the court no power to act over the matter. This type of time period is mandatory and immutable. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315–16, 108 S.Ct. 2405, 2407–08, 101 L.Ed.2d 285 (1988); *see also Browder v. Director, Ill. Dept. of Corrections,* and cases cited therein, 434 U.S. 257, 264, 98

1. *See, e.g., Armstrong v. United States,* 681 F.2d 774, 775, 231 Ct.Cl. 52 (1982); *Braude v. United States,* 585 F.2d 1049, 1051, 218 Ct.Cl. 270 (1978); *Mulholland v. United States,* 361 F.2d 237, 245, 175 Ct.Cl. 832 (1966); *Fattore v. United States,* 312 F.2d 797, 800, 160 Ct.Cl. 666 (1963); *Riethmiller v. United States,* 101 Ct.Cl. 495, 505, 1944 WL 3669 (1944). These are precedential decisions of this court.

2. *See, e.g., Hart v. United States,* 910 F.2d 815, 818–19 (Fed.Cir.1990); *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988); *Jones v. United States,* 801 F.2d 1334, 1335 (Fed.Cir.1986), *cert. denied,* 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987) (all noting that a statute of limitations is jurisdictional in the Claims Court). *See also Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir.1992) (affirming dismissal by Court of Veterans Appeals for lack of jurisdiction where notice of appeal filed after statutory deadline); *Kelley v. Secretary, U.S. Dep't of Labor,* 812 F.2d 1378 (Fed.Cir.1987) (appealed judgment of Court of International Trade vacated for lack of jurisdiction due to untimely filing of complaint); *Georgetown Steel Corp. v. United States,* 801 F.2d 1308 (Fed.Cir.1986) (Court of International Trade had no jurisdiction because appeal not timely filed). The lead opinion concludes that all *pre-Irwin* precedent is "suspect." *Irwin* reaffirms the jurisdictional nature of untimeliness in suits against the government even while permitting tolling in some circumstances.

3. In contrast to the statutory requirement as to the time for filing a CDA suit in the Claims Court, Congress may consent to proceedings against the United States without providing a statutory time limit as a part of the waiver. Time limits in agency proceedings may be set by regulation or merely by contract. In those situations, I agree that the failure to file a claim in accordance with specified time limits is not a jurisdictional defect. *See Gunn v. Veterans Admin. Medical Ctr.,* 892 F.2d 1036, 1038 (Fed.Cir.1990) (labor agreement); *Do–Well Mach. Shop Inc. v. United States,* 870 F.2d 637 (Fed.Cir.1989) (contract); *Wallace v. Merit Sys. Protection Bd.,* 728 F.2d 1456, 1458 n. 2 (Fed.Cir.1984) (regulation).

S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960) (same regarding criminal appeal); *Widdoss v. Secretary of the Dept. of Health & Human Servs.*, 989 F.2d 1170 (Fed.Cir.1993) (30–day period to request Court of Federal Claims review of special master decision provided in 42 U.S.C. § 300aa–12(e)(1) is jurisdictional).[4] In contrast a statute of limitations type of time period, such as the 30 day period for suit under the Civil Rights laws, is extendable under principles of equitable tolling in private litigation, *Zipes*, 455 U.S. at 398, 102 S.Ct. at 1135, and may, in accordance with recent decisions of the Supreme Court, also be tolled in suits against the government. *Irwin*, 498 U.S. at 95, 111 S.Ct. at 457. *See also Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986).

In the *Irwin* case, the question was whether the 30–day time period allotted for the filing of a discrimination complaint against the government was subject to tolling. The Court first construed the time period as a statute of limitations. However, that did not end its analysis or, *ipso facto*, eliminate any further question of jurisdiction. Recognizing that the time period was "a condition to the waiver of sovereign immunity," 498 U.S. at 94, 111 S.Ct. at 456, the Supreme Court directed its attention to that separate and distinct jurisdictional issue. Respecting the sovereign's consent to suit, the Court held that it would be rebuttably *presumed* that equitable tolling *came within* the waiver of sovereign immunity for a statute of limitations type of time period unless Congress provided otherwise. 498 U.S. at 95–96, 111 S.Ct. at 457–58. When equitable tolling applies to a statute of limitations, the statutory time period is not "waived" but rather is deemed met. *See Crown Cork & Seal*, 462 U.S. at 354, 103 S.Ct. at 2398 (claim timely;

period for private suit tolled until class certification denied); *see also Torres*, 487 U.S. at 315–16, 108 S.Ct. at 2408 (substantial compliance is not the same as waiving requirement). Thus, where such time period is met, albeit in view of tolling, the consent of the sovereign to the suit has been given and the court has jurisdiction. However, if a litigant is untimely, even after applying equitable tolling principles, the Court did not suggest that failure to meet a condition for suit against the Government would no longer be a jurisdictional defect. In *Irwin* itself, the time limit was *not* tolled, the filing was untimely, and for that reason, the case was dismissed for lack of jurisdiction.

Meeting the terms for the waiver of sovereign immunity is and remains a jurisdictional requirement in any suit against the government. The *Irwin* court cited with approval *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), which at that point expressly holds that "the terms of [the sovereign's] consent to be sued in any court defines that court's *jurisdiction* to entertain the suit." (Emphasis added.) Nothing in *Irwin* discards the principle that a litigant's failure to satisfy the conditions for suit against the sovereign is a defect relating to the subject matter jurisdiction of the court. "Subject matter" jurisdiction is a broad term as used in the Federal Rules, *e.g.*, Fed.R.Civ.P. 12(h)(3), and includes not only the fact of being a CDA claim but also the terms and conditions respecting the government's consent to suit on such claim. *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir.1991); *Irving v. United States*, 909 F.2d 598, 600 (1st Cir.1990); *Dawson v. United States*, 894 F.2d 70, 71 (3d Cir.1990); *Baird v. United States*, 653 F.2d 437, 440 (10th Cir.1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1004, 71 L.Ed.2d 296 (1982). Sov-

---

4. The author of the lead opinion dissented in *Widdoss* from the majority decision that the appeal period involved in that case was jurisdictional. *Widdoss*, 989 F.2d at 1178–79 (Newman, J., dissenting). Similar views are expressed in *dicta* in *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 686–689 (Fed.Cir.1992) (Plager, J.). Both rely on *Do–Well Machine Shop, Inc. v. United States*, 870 F.2d 637, 639–40 (Fed.Cir. 1989) as precedent for the proposition that failure to meet a time bar in a suit against the

government is not a matter of jurisdiction. *Do–Well* involved neither a statutory nor a regulatory time period. Under a specific provision in the contract, a contractor agreed to file any claim for termination for convenience with the contracting officer within a year from the date of termination. The court enforced the contract provision and dismissed the case on the merits. However, it hardly needs saying that a contract provision setting such a time period is not jurisdictional.

ereign consent is as much a part of "subject matter" jurisdiction as the requirement for a "case or controversy." *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962). But even if "subject matter" jurisdiction were rejected as the *term* covering the requirement of consent to suit, semantic preferences cannot convert such consent to a nonjurisdictional requirement.

The difference in holding an issue to be jurisdictional or nonjurisdictional is not a technical quibble. The consequences are far reaching. A court's lack of jurisdiction over a case may be considered at any time, even for the first time on appeal, and can be raised *sua sponte* by the court. *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed.Cir.1988). Further, parties cannot overcome the lack of jurisdiction by stipulation, waiver or estoppel. *California v. La-Rue*, 409 U.S. 109, 113 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972); *Amco Constr. Co. v. Mississippi State Bldg. Comm'n*, 602 F.2d 730, 733 (5th Cir.1979).

A congressionally imposed limitation on the sovereign's consent to suit is not merely a defense to the merits of a claim. To so hold would make waiver of sovereign immunity itself subject to waiver by reason of action or nonaction of government litigators. However, neither the executive nor the judiciary may exercise the sovereign's consent to suit. I cannot agree, therefore, to the positions in the accompanying opinions which denigrate this principle. The Constitution does not allow this court to convert the assertion of sovereign immunity into no more than a litigation strategy.

Thus, the Claims Court judge was entirely correct in recognizing that the issue raised in this case was whether the Claims Court had jurisdiction or not. The lead opinion rests on the authority of the Claims Court to enact rules of procedure. However, a rule of procedure cannot expand the subject matter jurisdiction of the court. Only Congress can set the conditions for waiver of the sovereign's immunity to suit. However, I believe that Congress has waived sovereign immunity in this case.

Under 41 U.S.C. § 609(a), (the Contract Disputes Act or "CDA") an action in the Claims Court "shall be filed within twelve months from the date of receipt by the contractor of the decision of the contracting officer concerning the claim." Under the criteria set out in *Zipes*, 455 U.S. at 392–9, 102 S.Ct. at 1131–36, this is a statute of limitations type of time limit in my view, which, under *Irwin*, may be extended in appropriate circumstances in suits against the government. To allow for the filing of a *complaint* on the next business day, where that twelve month period ends on a non-business day for the court, in my view, amounts to no broadening of the sovereign's consent to suit. When the choice is between *shortening* the statutory period because the Claims Court is not prepared to accept filings on nonbusiness days or lengthening it to the next business day, the equitable result dictated by *Irwin* is in favor of tolling to this extent. Thus, I conclude that Claims Court Rule 6(a) is in accord with the conditions for waiver of sovereign immunity under the CDA. I do not, however, rely on Rule 6(a) as a *basis* for my decision. The statute, not the rule, provides the congressional waiver of sovereign immunity.

In sum, statutory time periods on bringing claims may or may not be extendable. Those where the time period defines the court's subject matter jurisdiction, the period may not be extended. Those which are merely statutes of limitations may be extended under appropriate circumstances. This is true whether the claim is against a private citizen or against the government. Where a claim is against a private party, deciding that the time period is a statute of limitations ends any question of jurisdiction based on untimeliness. However, where a statute of limitations applies to a government claim, the jurisdictional question must be refocused. The question becomes whether Congress intended its waiver of sovereign immunity to encompass an extension of the statute of limitations time period on the grounds asserted. Thus, either type of time statute implicates a jurisdictional issue on a government claim but as with nongovernmental claims, only a statute of limitations, not a time limitation affecting the court's power to act, may be

extendable. The validity of the distinction between time periods which inform the court's jurisdiction and those which are merely statutes of limitations is rejected outright in the concurring opinion. However, the reader is referred to *Zipes,* 455 U.S. at 392–98, 102 S.Ct. at 1131–35, where the Supreme Court devotes a section of its opinion (not merely a sentence) to this distinction between a statute of limitations and a time bar restricting a court's "subject matter jurisdiction." *Id.* at 396 n. 12, 102 S.Ct. at 1133 n. 12. The concurrence states that "[i]n *Irwin* the Supreme Court freed us from that improductive exercise [of distinguishing between types of time limits]; the majority opinion properly eschews this stale debate." The basis for "eschewing" is that the notion of sovereign immunity is "long outmoded and increasingly archaic." Under that view the Court of Federal Claims would no longer be necessary. *Where* as well as *when* a suit may be brought against the government also rests on the "archaic" principle of sovereign immunity. In any event, as previously discussed, the distinction in the two types of statutory time periods, even if "elusive" or "metaphysical," is as important in *private* litigation, such as *Zipes,* as in litigation against the government. *See, e.g., Iacono v. Office of Personnel Management,* 974 F.2d 1326 (Fed.Cir.1992) (time for filing for survivor's annuity cannot be tolled; not a statute of limitations). The distinction cannot be discarded by doing away with sovereign immunity.

PLAGER, Circuit Judge, concurring.

I concur in the judgment and join the opinion of the court, which holds that Court of Federal Claims (CFC) Rule 6(a) effectively defines the outer limit of the statutory 12–month period provided for filing a timely appeal under the Contract Disputes Act of 1978 (CDA). The concurrence/dissent, although agreeing with the result, finds in that holding an unwarranted assault on Supreme Court precedent and "an unbroken line of decisions" of this court. Since I join the majority opinion, I should explain why this is not so.

There is no quarrel with the statement in the concurrence/dissent that the difference in holding an issue to be jurisdictional or nonjurisdictional is not a technical quibble. Op. at 967. But I do not think useful the recited existence of two categories of statutory time periods applicable to suits against the government: those that are "a jurisdictional limitation on the court itself" and those that are "only a statute of limitations ..." Op. at 965.

For one thing, there has yet to be a satisfactory articulation of a principled basis for distinguishing between these ideas as applied to specific kinds of statutorily imposed time periods.[1] The concurrence/dissent's response to this argument is to refer us to the 1982 decision of the Supreme Court in *Zipes v. Trans World Airlines,* 455 U.S. 385, 392–398, 102 S.Ct. 1127, 1131–35, 71 L.Ed.2d 234. Op. at 968. But the discussion in that case proves the point—the Court spends seven pages explaining why language in its earlier cases, indicating that compliance with the time limit for filing of an EEOC complaint is jurisdictional, is not to be taken literally. The Court on further thought concludes that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, *like a statute of limitations,* is subject to waiver, estoppel, and equitable tolling." 455 U.S. at 393, 102 S.Ct. at 1132. (Emphasis mine.)

That a statute imposes a requirement that operates "like a statute of limitations" defines the consequences, it does not tell us when a statute is of that type. The most the Court offered on that question in *Zipes* was one sentence: "The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion." *Id.*

---

1. For a collection of the cases dealing with this issue in the context of Rule 6(a) of the Federal Rules of Civil Procedure, and some of the metaphysical arguments that have been used to support the varied results, see 4A Charles A. Wright & Arthur B. Miller, Federal Practice and Procedure § 1163 (1987). *See also* Cynthia Reed, *Time Limits for Federal Employees Under Title VII: Jurisdictional Prerequisites or Statutes of Limitation?,* 74 Minn.L.Rev. 1371 (1990), for an exhaustive treatment of the differing views among the Circuit Courts pre-*Irwin.*

A considerably clearer answer came in 1990 in the case of *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435. The Fifth Circuit, affirming the district court, held that the petitioner's failure to file her complaint within 30 days of receipt of the 'right-to-sue' letter sent by the EEOC, as mandated by the statute, deprived the courts of jurisdiction—the statutory time limit was viewed as operating as an absolute jurisdictional limit. The Supreme Court rejected that conclusion. After noting that various time limit statutes contain various phraseologies, some more stringent sounding than others, the Court stated: "... a continuing effort on our part to decide each case on an ad hoc basis, as we appear to have done in the past, would have the disadvantage of continuing unpredictability without the corresponding advantage of greater fidelity to the intent of Congress. We think that this case affords us an opportunity to adopt a more general rule to govern the applicability of equitable tolling in suits against the Government." *Id.* at 95, 111 S.Ct. at 457.

The general rule the Court adopted was that statutorily-imposed time limits in suits against the Government, for purposes of equitable tolling, were to be treated in the same manner as they would be in suits against a private party. In effect, there would be a presumption, rebuttable presumably by explicit language of Congressional intent to the contrary, that Congressional waivers of sovereign immunity would be construed to incorporate traditional notions of equitable (or other) relief from statutory time limit provisions.[2]

It is no longer necessary for courts to offer unconvincing explanations as to why some statutory time limits are waivable and some not. It is now presumed that Congress intends traditional waivers to be available, unless Congress expressly specifies otherwise. The rule makes good sense, and makes the language dance of *Zipes* no longer necessary.[3]

In the case before us, if I understand correctly, the concurrence/dissent permits the statutory twelve-month period to extend to twelve months and two days because in this case the statute falls under the category of those that are "merely statutes of limitations," and thus may be extended under appropriate circumstances. The statute, we

**2.** The concurrence/dissent states that "I do not believe that the Supreme Court [in Irwin] inadvertently affirmed a dismissal for lack of jurisdiction and really meant to say that the case was *dismissed on the merits.*" I believe the Court did exactly what it said it did. The Court rejected the Fifth Circuit's view that the time limit was a jurisdictional bar and unwaivable. It considered whether, on the merits, Irwin had presented adequate grounds for waiver of the time limit. Finding none, it dismissed the case as barred for failure to have been filed within the allowable time period. (That of course implicates court jurisdiction, see fn. 3, supra.) I do not believe that Chief Justice Rehnquist, writing for the majority regarding an *important issue of federal* jurisdiction, inadvertently addressed the merits of the case, while all along intending to affirm simply on the ground that the Court lacked jurisdiction. Certainly the two justices who concurred in the result in *Irwin* referred to that portion of the opinion regarding the availability of equitable tolling as a "holding," and, since they were not in accord with it, refused to join it. *Id.* at 97, 111 S.Ct. at 458 (Justice White, with whom Justice Marshall joined). *See also* Richard Parker, *Is the Doctrine of Equitable Tolling Applicable to the Limitations Periods in the Federal Tort Claims Act?*, 135 Mil.L.Rev. 1, 4–5 (1992): "The Supreme Court [in *Irwin* ] completely evis-

cerated the jurisdictional rationale employed by the court of appeals ... [and] in a few brief paragraphs ... struck down the time-honored principle that limitations periods contained in consent to suit statutes are jurisdictional and 'mean just that period and no more.' "

**3.** Of course all requirements, including limits on the time to file, imposed by law for invoking a federal court's jurisdiction are by definition ultimately jurisdictional, in the sense that plaintiffs ultimately must bring themselves within the time period allowed, however measured. Failure to bring oneself within a federal court's grant of jurisdiction means the court cannot entertain the suit. But that is quite different from saying that statutory time limits for suits against the Government, unless otherwise specified by Congress, are jurisdictional and unwaivable. That was the rule, pre-*Irwin*. Since *Irwin*, compliance with statutory time limits is no longer jurisdictional, in the old sense that when a Congressionally specified time limit had expired a court had no power to entertain the case. The presumption is now to the contrary. The court has jurisdiction to entertain the suit and to determine on the merits if equitable relief from the time bar is warranted. (Congress may if it chooses make a specified time limit jurisdictional and unwaivable, but it must do so unmistakably.)

are told, is not one that contains a time period that "defines the court's subject matter jurisdiction," which is not extendable. (Op. at 968.)

Consistent with *Irwin*, I am of the view that these efforts to distinguish between categories of statutory phraseology are not productive. Even less productive is trying to guess when Congress intended the waiver of sovereign immunity to be strictly limited in time, and when it incorporates traditional rules of extendibility, absent an explicit statement by Congress on the point. In *Irwin* the Supreme Court freed us from that unproductive exercise; the majority opinion properly eschews this stale debate.

At heart, the problem lies with the long outmoded and increasingly archaic notion of sovereign immunity. Congress, by 'waiving' in a variety of statutes the King's historic claim to immunity from suit, has leveled the playing field for citizens who contract with, are injured by, or otherwise find themselves dealing with the Federal Government in its myriad activities. That seems only fair, and what a responsible government of the people should do.

On the other hand, the Government's Department of Justice as a litigator invokes sovereign immunity at every opportunity, rather than litigate on the merits; that presumably is its privilege.[4] Courts then seek ways to keep the Government from taking unfair advantage of its citizenry, including those it invites into its contractual embrace; that is their privilege. For us to quarrel over elusive distinctions does not, it seems to me, further the issue. Reserving claims of sovereign immunity to those areas in which the Government's fundamental interests are truly at stake might, and Congress can clearly tell us what those are.

---

**4.** *But see,* Abraham Lincoln: "It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals." This quotation is engraved on the entry hall of the National Courts Building, Washington, D.C., which houses both the Court of Federal Claims and this court.