ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| US Pan American Solutions, LLC | )     ASBCA No. 63957 |
| | ) |
| Under Contract No. W25G1V-23-P-0023 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Jorge DelPino
Vice President


APPEARANCES FOR THE GOVERNMENT:     Dana J. Chase, Esq.
Army Chief Trial Attorney
MAJ Joseph C. Vandusen, JA
Trial Attorney


OPINION BY ADMINISTRATIVE JUDGE WILSON
ON APPELLANT'S MOTION FOR RECONSIDERATION


US Pan American Solutions, LLC (USPAS or appellant) timely moves for reconsideration of the Board's decision dated April 25, 2025 (*US Pan Am. Sols., LLC*, ASBCA No. 63957, 25-1 BCA ¶ 38,814) wherein the appeal was dismissed for lack of jurisdiction as untimely filed. USPAS maintains that the Board erred in its calculation of the time limit to file an appeal from the contracting officer's final decision by not considering federal holidays. The Army opposes the motion, contending that federal holidays only impact the filing deadline when the last day to submit an appeal falls on a federal holiday or weekend. For the reasons stated below, the motion is denied.

CONTENTIONS OF THE PARTIES

USPAS contends that "the 91-day period calculated from May 14, 2024, through August 13, 2024, at 11:00 AM included three federal holidays" and thus "materially impacted the procedural timeline and may not have been fully considered." USPAS expressed concerns that the Board's ruling reflects an undue burden on a small disadvantaged business and "question whether due consideration was given to our right to be fully heard." (App. mot. at 1) The Army counters that appellant failed to meet its burden of demonstrating that newly discovered evidence, mistakes in the Board's findings of fact, or errors of law warrant reconsideration. With regard to the three federal holidays, the Army argues that the Board's rules are clear that federal holidays only impact the filing deadline when the last day of the filing period falls on a federal holiday. (Gov't resp. at 1-3)

DECISION

To prevail on a motion for reconsideration, a party "must demonstrate a compelling reason for the Board to modify its decision." *Golden Build Co.*, ASBCA No. 62294, 20-1 BCA ¶ 37,742 at 183,161 (quoting *Bruce E. Zoeller*, ASBCA No. 56578, 14-1 BCA ¶ 35,803 at 175,103). If we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *See Chugach Fed. Sols., Inc.*, ASBCA No.61320, 23-1 BCA ¶ 38,456 at 186,918; *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911. "In short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it." *Relyant, LLC*, ASBCA No.59809, 18-1 BCA ¶ 37,146 at 180,841. Reconsideration might also be appropriate in the event of newly-discovered evidence. *Afghan Premier Logistics*, ASBCA No. 62938 *et al.*, 23-1 BCA ¶ 38,373 at 186,402. Motions for reconsideration, however, are "not the place to present arguments previously made and rejected." *Id.*; *Potomac Elec. Corp.*, ASBCA No. 61371, 20-1 BCA ¶ 37,663 at 182,862 ("A motion for reconsideration is not intended to present a 'post-decision bolstering of contentions which we have already rejected.'") (quoting *Charitable Bingo Assocs., Inc., d/b/a Mr. Bingo, Inc.*, ASBCA Nos. 53249, 53470, 05-2 BCA ¶ 33,088 at 164,014). They also "do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014).

Here, USPAS has not presented any new evidence demonstrating that the time period was extended. It simply maintains that three extra days (i.e., the federal holidays) should have been considered in our determination that its notice of appeal was untimely. We disagree.

As we stated in our earlier decision, the Contract Disputes Act (CDA) states that final decisions are final, unless timely appealed within 90 days from the date of receipt of the contracting officer's decision. *See* CDA, 41 U.S.C. § 7103(g); § 7104(a); *US Pan Am. Sols., LLC*, 25-1 BCA ¶ 38,814 at 181,811. Federal Acquisition Regulation (FAR) 2.101 succinctly says: "*Day* means, unless otherwise specified, a calendar day." FAR Part 33 describes the policies and procedures for filing and processing disputes and appeals. FAR 33.101 further defines "computation of any period," the day of the act, and the last day of the time period. While it is true that the date the contractor receives the contracting officer's decision is excluded in determining the 90-day period, the last day for computing time *is included, unless* it falls on a Saturday, Sunday, or federal holiday. Thus, the computation of time within the FAR does not exclude intervening weekends and federal holidays, unless those days fall on the last day of the event. *See* FAR 33.101 (*Day* definition); Board Rule 5b; *Lamb Enters.*, ASBCA No. 48314,

2

95-1 BCA ¶ 27,559 at 137,342 (rejecting appellant's request for an extension of time "to file the notice of appeal as the ninety days spanned several holidays and a time of year when its small business operation was on minimum manning."); *see generally Wood-Ivey Sys. Corp. v. United States*, 4 F.3d 961, 963 (Fed. Cir. 1993) (discussing the exclusion of weekends and federal holidays as the end point in computing timely filings).

Thus, if the 90th day fell on a federal holiday or weekend, USPAS would have had until the next business day to timely file its appeal. However, here the 90th day, or the last day to file an appeal, was August 12, 2024, which was a Monday and not a federal holiday. The notice of appeal was filed on August 13, 2024, 91 days after receipt of the termination notice. (*US Pan Am. Sols.*, 25-1 BCA ¶ 38,814 at 188,812). Accordingly, appellant's arguments must fail.

Appellant's concerns regarding the "undue burden" and "lack of equitable support" do not fall on deaf ears. However, the CDA is clear, as the 90-day window is statutory and cannot be waived or extended. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982).

CONCLUSION

The motion for reconsideration is denied.

Dated: August 6, 2025

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63957, Appeal of US Pan American Solutions, LLC, rendered in conformance with the Board's Charter.

Dated: August 6, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals